JAMES MARTIN et al. vs. E. H. HARDEN, use, etc.

1. CIRCUIT COURT: *Jurisdiction in civil cases. Partial payments. Code of 1871,*
   *§ 2282. Case in judgment.*

Suit was brought in circuit court, on a note, dated April 24, 1860, for $155, bearing
   interest at 10 per cent. from date, credited by $60 paid in confederate money,
   1st September, 1863. Interest accrued to date of suit was about $52. *Held,*
   that applying the rule for the application of partial payments, as prescribed
   in § 2282 of Code of 1871, the principal amount due on the note was about
   $147; that the payment made in confederate money was as valid as if made
   in gold, and that the circuit court did not have original jurisdiction of the
   case. Const., art. 6, § 14.

ERROR to the Circuit Court of *Calhoun* County.

Hon. W. D. BRADFORD, Judge.

The opinion of the court contains a sufficient statement of
the case.

*Martin & Bates,* for plaintiff in error ;

Filed a written argument *in extenso* upon the facts in the
case and the state of the pleadings.

[The reporters find no brief on file for defendant in error.]

CAMPBELL, J., delivered the opinion of the court.

We are compelled to deny ourselves the pleasure and profit
which might be derived from an examination of the nine
grounds of error assigned upon the rulings below on the
various questions arising on the eleven pleas, with replications,
rejoinders, notices, motions, and objections of different kinds,
by a jurisdictional question which is presented here, and was
urged upon the court below in various stages of the progress
of this case.

The action was brought in the circuit court on a note, dated
April 24, 1860, for $155, bearing 10 per cent. interest from
date. On September 1, 1863, payment of $60 was made
and credited on the note. The interest accrued to this date
was about $52, and the application of the partial payment,
as prescribed by § 2282 of the Code, left the *principal
amount* due on the note about $147, which has been bearing

interest since.   The original jurisdiction of circuit courts is limited in civil cases to controversies in which the *principal* amount exceeds $150.   Const., art. 6, § 14.

The *principal* of the amount in controversy, in this case is less than $150, and the circuit court has no jurisdiction of it as an orginal suit.   The plea in abatement should have been sustained, or, that failing, the motion to dismiss should have been granted, after development of the real state of the case. The objection that the $60 paid consisted of " confederate money " is without merit.   A payment in that was as valid as if made in gold coin.

The judgment of the circuit court will be reversed, and this court, rendering the judgment which should have been rendered below, dismisses the action.