### S. B. MOORE v. W. F. LOVE.

**Suit on Note — Application of Payments — Code of 1871, sec. 2282.**

Where suit is brought on a promissory note, which bears interest, a credit endorsed on it without explanation will be applied to the payment of the accrued interest as provided by section 2282 of the Code of 1871.[1]

**Void Judgment — Collateral Attack.**

While every presumption, not inconsistent with the record, should be indulged in favor of the validity of a judgment, it is void if the record affirmatively shows that the court had no jurisdiction of the subject-matter, and it may be attacked collaterally.[2]

Appellant, Moore, sued out a writ of attachment in a justice of the peace court against one Everett, which was levied on two bales of cotton as the property of Everett. W. F. Love claimed the cotton and filed claimant's affidavit and bond.

---

1

"When partial payments are made on bonds, contracts or assurances that bear interest, the interest that has accrued up to the time of such payment shall be first credited, and the residue of such partial payment shall be placed to the payment of the principal, and the same rule shall apply to all debts due by the judgment, sentence or decree of any court." Code of 1871, § 2282; Code of 1880, § 1144, same as above except that it does not apply to bonds.

"When partial payments are made, the interest that has accrued to the time of payment, if any, shall be first paid, and the residue of such partial payment shall be placed to the payment of the principal." Code of 1892, § 2351; Code of 1906, § 2681.

Where a credit upon an open account is not applied by either party, the law

On the trial of the claimant's issue, plaintiff, Moore, offered in evidence the record and judgment in the attachment suit against Everett in the justice of the peace court, which showed that judgment was rendered in his favor. The claimant objected to the introduction of this record on the ground that the judgment was void because the record showed that the justice of the peace did not have jurisdiction of the cause.

The record showed that the suit was brought on a promissory note given by Everett on August 14, 1874, for $157.40, payable one day after date, bearing 8 per cent interest from January 1, 1875. The suit was filed December 9, 1878. There was a credit of $12 on the note, and there was no evidence to show how this credit was applied, which was made November 29, 1878.

The court sustained the claimant's objection and excluded this evidence, to which plaintiff excepted. From a verdict and judgment for the claimant, plaintiff appeals.

APPEALED from Circuit Court, Amite county, J. B. CHRISMAN, Judge.

Affirmed, May 15, 1882.

appropriates it to the oldest items. Mortimer *v.* McKay, 1 Miss. Dec. 585, and cases cited in notes.

2

A judgment which is void for want of notice or jurisdiction over the person or thing, may be attacked collaterally. Campbell *v.* Brown, 6 How. 106; McComb *v.* Ellett, 8 S. & M. 505; Hemphill *v.* Hemphill, 34 Miss. 68.

And so a judgment void for fraud. Plummer *v.* Plummer, 37 Miss. 185.

And in this last case it was held that a decree of divorce, obtained through fraud by the wife against the husband, in which she also obtained a decree for certain slaves, was no obstacle to the husband recovering the slaves on a bill framed for that purpose alone, and which did not seek to annul the decree for a divorce. Plummer *v.* Plummer, 37 Miss. 185.

A judgment which is merely erroneous and voidable cannot be impeached collaterally. Smith *v.* Bradley, 6 S. & M. 179; Work *v.* Harper, 2 Cush. 517; Wall *v.* Wall, 6 Cush. 409.

The judgment of a court having jurisdiction of the subject-matter and parties, is conclusive so long as not reversed, and cannot be attacked collaterally, however irregular and erroneous. This is true of a decree in favor of an administrator on final settlement. Moore *v.* Ware, 51 Miss. 206.

Judgment merely erroneous and not void cannot be attacked collaterally. Parisot *v.* Green, 46 Miss. 747.

A judgment by default, though based on a defective return of process, is

*Attorneys for appellant, T. R. Stockdale, and W. P. Cassedy.*

*Attorneys for appellee, C. P. Neilson, and B. F. Johns.*

Brief of T. R. Stockdale:

The defense relied on below and here is that the judgment of the justice of the peace court in Moore *v.* Everett was and is void, and the record was, therefore, properly excluded. The reason given is that the justice of the peace court undertook to deal with a sum that exceeded its jurisdiction. It is well settled in this State that a plaintiff cannot by any device avail himself of the power of the justice's court to litigate about sums greater than its jurisdiction, intending to evade the proper jurisdiction. That is not now a question and will not be argued.

The question to be solved at this point is, did the appellant here, as plaintiff in the case of himself *versus* T. J. Everett, purposely reduce his demand to evade the legal limitations on the jurisdiction of the court and thereby perpetrate a fraud on the court? Appellee maintains that he did. Appellant insists that he did not. The court below regarded the affirmative of this proposition established by the judgment of the justice of the peace court on its face. It is in these words: "The court decides that the attachment was rightfully sued out, and that the plaintiff do have judgment for the full amount of the note and interest, also the sum of $12.70 costs about his suit expended."

good until reversed, and a purchaser under execution thereon while in force will acquire a good title. Christian *v.* O'Neal, 46 Miss. 669.

Section 147, Constitution 1890, by forbidding reversal of judgments and decrees in civil causes for mistakes of jurisdiction as between equity and common law, necessarily exempts them from collateral attack on such ground. Whitney *v.* Bank, 71 Miss. 1009; 15 So. 33.

A bill will not lie to enjoin the enforcement of the judgment of a court having jurisdiction of both subject-matter and parties, though erroneous. A. B. Smith Co. *v.* Bank of Holmes County, 18 So. 847.

Under Code 1880, section 990 (Code 1892, section 2114,, which renders void a judgment on a wager, it is a good plea to an action on a judgment that it was rendered on a note made in settlement of a wager. Campbell *v.* Bank, 74 Miss. 526; 21 So. 400.

Any judgment may be attacked, on the grounds of fraud, collusion, or corruption, when seasonably set up. Hinton *v.* Board of Supervisors of Perry County, 36 So. 565.

This was regarded as sufficient below, and is urged here as con-clusive to establish that plaintiff intentionally ended the jurisdic-tional limitations on the court.

In the decided cases on this question the point came up on ap-peal, and the whole doctrine has been so fully discussed in Fenn *v.* Harrington, 54 Miss. 737, and the rules there laid out so ex-plicitly and fully, that it seems unnecessary to go behind that case. It is laid down there as a rule, "The rule must be similar in jus-tice court, and in appeals therefrom to the Circuit Court; that is to say, if the *sum demanded* is within the jurisdiction, the suit will not be defeated because a greater sum is found due, unless there was a purpose, by a reduction of the demand, to perpetrate a fraud on the court."

"The amount in controvery is the standard of the jurisdiction; and the sum demanded must be accepted as the amount in con-troversy, unless it has been purposely magnified or diminished."

Again, on p. 739, the rule is formulated thus: "In every point of view our conclusion is that the test of the jurisdiction is the amount demanded by the pleadings, subject to the penalty of a non-suit when there has been, in the opinion of the court, an at-tempt to evade the constitutional limitations."

In this case of Moore *v.* Everett the pleadings demanded $145, which clearly gave to the court jurisdiction and to the plaintiff a standing in the court. Then the inquiry is narrowed to the point, "Did the facts develop a purpose to evade the legal limitations on the jurisdiction" and "to perpetrate a fraud on the court?" This inquiry can only be made on appeal. In this case of Moore *v.* Everett the plaintiff made his demand under oath of $145, which was the truth, as we are bound to believe, until otherwise proved. He summoned his debtor to contest it with him; the defendant appeared December 21, 1878, and the case was continued by con-sent of parties until December 28, 1878. On the 28th of Decem-ber both parties appeared and continued the case because the at-torneys on both sides were absent. On the 11th day of January, 1879, the parties were present, and the cause was tried, resulting in the judgment that the attachment was rightfully sued out and judgment in favor of plaintiff on the debt. The plaintiff is pre-sumed to have known what was due him; he made his demand under oath; he and the defendant had a contest over it, with at-

torneys on both sides, and the objection was not made that the court had not jurisdiction. No appeal was taken in the cases, although Everett must have known that he could have non-suited plaintiff in the Circuit Court had it been true that the real amount in controversy was over the jurisdiction of the court, and his cotton thereby go to Love, where he wanted it to go. These facts seem strong as circumstances can be in proof that some payment or arrangement had been made or entered into whereby the debt was reduced to $145. It cannot be said that he did not know it in time, for the time to take the case up by appeal had not expired when the claimant's issue was appealed, and the time for taking it up by *certiorari* had not expired until after the March term of the Amite county Circuit Court, and this case was in said court and in the hands of attorneys on both sides. The conclusion seems inevitable that the demand was for the true amount, or all the litigation of the case would have developed the fact otherwise. It is submitted that the question of amount was then and there adjudicated and determined according to the demand of the plaintiff, and the Circuit Court cannot open the inquiry in any proceeding except appeal or *certiorari*.

It is said that the debt cannot be reduced within the jurisdiction of the justice of the peace court without the consent of the defendant. Can anything prove consent stronger than the facts above related, and who but the defendant can complain of it? But it is said that the judgment itself shows that the whole amount of the note and interest, except $12, was due, and judgment was rendered for that amount. We insist that, as the demand was made under oath that $145 was then due on that note, and as nothing appeared to the contrary, so far as the record discloses, the judgment may be understood, without straining, to mean for the amount due on the note as shown by the demand—to wit: $145 and interest on that sum.

But suppose the court should conclude to reject this view; it would still be sufficient to warrant the rejection of the record as evidence. The judgment itself is all that is relied on to show that the plaintiff "intended to evade jurisdictional limitations on the court, and to commit a fraud upon its jurisdiction." In aid of this proposition, it is said that inferior courts must show their jurisdiction in each case. The Circuit Court is prohibited by the

Constitution from jurisdiction over sums of $150 and less, and when the amount is alleged to be less than that the justice of the peace court jurisdiction is shown, and is original and exclusive now, and this court has held, in Fenn v. Harrington, that the demand determines the jurisdiction. In this case the jurisdiction was settled by the demand, and then all presumptions in favor of the correctness of the proceedings applied that apply to any other courts of record, and its judgment must remain valid until superseded by appeal. Even if the justice did undertake to render judgment for the whole amount of the note and interest, as the note appears on the record, it would not make the judgment void. The rule laid down in Fenn v. Harington, 54 Miss. 738, on that point, is: "If the *sum demanded* is within the jurisdiction, the suit will not be defeated because a greater sum is found due, unless there was a purpose, by a reduction of the demand, to perpetrate a fraud on the court." Of course, there could be no recovery "for the surplus," say the court.

Now, suppose there was a payment of some sort, or a valid agreement between these parties, that both parties considered reduced the debt to $145, or that they both honestly regarded as reducing the debt to that sum, and in that view plaintiff below made his demand, and the justice took it into his head that it was not a payment or not a valid agreement and entered judgment for the whole amount? By the doctrine in this case, the erroneous judgment of the justice, with which plaintiff had nothing to do, must be held to be conclusive evidence of an intentional fraud on the jurisdiction of the court. But suppose an appeal was taken and the Circuit Court would hold it a good payment or a valid agreement? Then there was no fraud, and this is not a farfetched comparison, but one that might occur any day.

By the rule invoked by defendant, any debtor might make an agreement to reduce his debt and then refuse to pay, and force his creditor to sue, and then fly from the agreement and claim that he owed more, and induce the justice to enter judgment for the whole sum, and not appeal, but claim that the judgment itself showed it was void, and never pay the debt. * * *

The court say, in Fenn v. Harrington, that the plaintiff cannot recover more than the $150, though more be found to be due; therefore the judgment of the justice court should be held to be

for not more than that amount, as no sum over that is mentioned; and this will dispose of the difficulty suggested by defendant— that execution could not issue for less than the note and interest.

Besides, it is not necessary that execution issue; the proceeding by attachment is to condemn the property to the debt. The judgment does not create the lien, but is simply to give vitality to the attachment lien, which is the real proceeding. The judgment is but a formula, announcing that the debt is due, and through which the court reaches the property attached, to condemn and sell it to pay the debt. Were it otherwise, no *vendi* could issue in attachment suits when the defendant is brought in by publication, for then the judgment is void, when taken by itself, for all purposes, and no execution could issue upon it at all. And by the doctrine invoked here, on the trial of the claimant's issue plaintiff must fail, because his reward would be ruled out because his judgment is void.

The only office that a judgment in attachment performs, so far as the attachment is concerned, is to furnish a vehicle to carry the process of the court to the property levied on. When you come to treat it as a personal judgment and issue execution on it, a different question arises.

The general rule is, and has been adopted by this court in the case of Butler *v.* Benton, 46 Miss. 119: "If there be enough in the judgment to authorize the issuance of the process required by the statute, it is sufficient."

The process here required is a *vendi,* to sell the property, and a judgment on the claimant's bond, which is but another form of *vendi.* An attachment suit may proceed to judgment and the property sold and applied to the plaintiff's debt after the death of the defendant.     *     *     *

Brief of W. P. Cassedy:

This case was twice before in the Supreme Court, but upon different questions from the one in it now, and it will not be necessary to refer to the opinion already expressed.

The case comes up on a single question—whether the judgment rendered in justice court in the attachment suit against Everett is void or not. It is claimed that the judgment is void for not stating the amount for which the judgment was rendered. The

judgment is not void for this reason; at most it is merely void-able. We would have amended the judgment so as to insert the amount in it from the note. See Code of 1871, § 627; Code of 1880, § 2298; Graves *v.* Fulton, 7 How. 599; Shirley *v.* Conway, 44 Miss. 436.

A void judgment is a nullity and could not be amended. If it is voidable merely, it cannot be attacked collaterally. Erwin *v.* Heath, 50 Miss. 798-799; Atkinson *v.* Foxworth, 53 Miss. 747.

It is objected that the justice of the peace did not have juris-diction, the note being for $157, and bearing 10 per cent interest, and the credit on it of $12 would be appropriated to payment of the interest first, which would leave the principal in controversy more than $150, and the judgment is, therefore, void. The plead-ings in the case must govern. The suit commenced by attach-ment, and the affidavit stated that there was $145 due—within the jurisdiction. Fenn *v.* Harrington, 54 Miss. 737; Jackson *v.* Whitfield, 51 Miss. 205.

The court then acquired jurisdiction by the face of the plead-ings, and he was bound to retain the case until the limit to the jurisdiction was ousted by the proof. Whether the proof ousted the jurisdiction or not the record does not show, nor is it neces-sary for it to show. The evidence upon which a court acts is not necessary to be of record. The justice's court, within the limit of $150, is a court of general jurisdiction, and when it once acquires the jurisdiction, which is done by the face of the pleadings, every presumption would arise in its favor just the same as any other court. In a court of general jurisdiction, and on a collateral issue, every jurisdictional fact is presumed. See Carson *v.* Car-son, 31 Miss. 592-593; Cannon *v.* Cooper, 39 Miss. 789.

In the case of Martin *v.* Harden, 52 Miss. 694, the question of how to appropriate the payments on a debt, whether to the inter-est or principal, was raised directly by a plea in abatement, or on a motion to dismiss for the want of jurisdiction, and was not raised in a collateral issue. And in that case it made no differ-ence how you appropriated it; if to the principal, the want of jurisdiction was more apparent; if to the interest, the Circuit Court was still without jurisdiction, for the amount was $147. The rule should be that if there is any state of facts which would sustain the jurisdiction of the justice of the peace, and not neces-

sary to be of record, the presumption should be that they existed, for the presumption is that every officer does his duty. Suppose that the interest had been paid up regularly, and, in fact, no interest was due, then the credit would have gone on the principal. It is not absolutely necessary that every credit should appear on the face of the note, for a receipt on a separate piece of paper would be just as good. The presumption is that this is a fact, for a suit is commenced by an affidavit of the creditor demanding only $145, and, in support of this, a note is filed showing only this amount due, after deducting the credit; the debtor has personal service, and after a long litigation judgment is rendered and no objection made to the jurisdiction. The fair presumption is that every question of this sort was litigated in that court and decided adversely to the debtor, and the presumption of law is that he decided right, and the judgment cannot be attacked collaterally. Then, if this judgment is not void, the court erred in not permitting plaintiff to read the judgment in evidence, and the case should be reversed.

Brief of B. F. Johns:

Appellant, S. B. Moore, instituted suit in the justice court by attachment against one Everett. The writ was levied on two bales of cotton which were claimed by appellee, W. F. Love. On the trial of the claimant's issue, on appeal in the Circuit Court, appellant offered in evidence the record of his judgment against Everett in the attachment suit, to the reading of which appellee objected, and his objection was sustained by the court. Was this a correct ruling? I answer in the affirmative, for the following reasons:

The judgment of Moore v. Everett is *void* for want of jurisdiction in the justice court. While it is true that the affidavit and writ of attachment claim "$145 or thereabouts," yet the plaintiff's own evidence—to wit: the promissory note sued on and filed as part of the record—shows that the amount of his real claim is a principal sum of $157. The credit of $12 is indorsed without qualification or explanation, and, not being sufficient to pay the interest then accrued, will not reduce the principal of the note. When, therefore, the court rendered judgment for the "full amount of the note and interest," it assumed a jurisdiction which

it could not exercise. The record not only fails to give any explanation of the fact that the note is for more than $150, but, on the contrary, it negatives the idea that there was an agreement between Moore and Everett that the interest should be applied to the principal. Moore did not so apply it when he indorsed the credit on the note, for, as the statute applies all credits first to the interest, a simple indorsement, as we have in this instance, must be read and understood as an application of the credit to the interest. Besides, Moore did not have authority to apply it otherwise for the purpose of giving jurisdiction without the consent of Everett. Askew v. Askew, 49 Miss. 307.

If there was any such agreement between the parties to the note, the record should disclose that fact, for the record of an inferior court must show affirmatively that it had jurisdiction. \* \* \*

The principle announced in the case of Fenn v. Harrington, 54 Miss. 739, does not apply. Replevin for a buggy is an action for property of *uncertain value,* and the honest opinion of plaintiff on the subject fixes the jurisdiction, but this rule cannot be invoked here. For the claim being a promissory note, the amount in controversy is not a *matter of opinion,* but is made certain by the terms of the written contract filed. While the affidavit attempts to give jurisdiction, yet plaintiff so worded it as to allow him to demand judgment for the full amount that might be found to be actually due on the note. \* \* \* The plaintiff claimed judgment for the amount of his note and interest, and the court rendered judgment, not for any ascertained sum, but for *"the full amount of the note and interest."* What, then, is the judgment, and for what sum will execution issue? As the judgment does not itself state any sum, but refers in express terms to the note, and directs that the full amount thereof and interest be allowed, we must take the note, and from its face, without any help from any other part of the record, determine by the rules of law and arithmetic the real sum for which execution may issue.

As the statute applies the credit first to the interest, we find, at the rendition of the judgment, there was due the plaintiff $208, less the credit of $12, leaving the balance due, and for which the judgment is entered, $196; and, as this last sum includes a principal debt of $157, it is beyond the jurisdiction of the justice court. The fact that the court rendered judgment for the "full

Mississippi Decisions.

amount of the note and interest" shows conclusively that' there was no evidence of any agreement between Moore and Everett that any part of the interest should be remitted, or that the credit of $12 should be applied otherwise than is directed by law. Moore could not remit without the consent of Everett.

The suit, therefore, being for a principal debt exceeding $150, was beyond the jurisdiction of the court, and the judgment was, therefore, void, and for that reason properly excluded by the Circuit Court.

After the rejection of the record in the case of Moore *v.* Everett, the appellant offered the affidavit and attachment writ in the same case, and these were, on motion of appellee, rejected. A party must offer the whole record, and not a part. This was sufficient cause for the exclusion of these papers. But there was this further reason: The affidavit, writ, and bond thus offered were part and parcel of the record in the case of Moore *v.* Everett, which, upon inspection, had been held void for want of jurisdiction. The attachment was, therefore, void *ab initio,* as shown by the whole record, although upon its face the writ was regular. It appearing from the whole record that the justice court had not jurisdiction of the subject-matter, the affidavit and writ could not be used as evidence of a pending suit. Plaintiff in attachment must first obtain judgment condemning the property before it can go to trial on the claimant's issue. Dickman *v.* Williams, 50 Miss. 500.

The refusal of the court to allow appellant to show that the cotton was the property of Everett is not error to his prejudice. He had attempted, but failed to establish any *claim* of right to subject Everett's property, and if he had shown that the cotton was Everett's, that could not change the verdict. In the claimant's issue the burden of proof is on the plaintiff in attachment, and he must show a right to subject the property of defendant in attachment before he can succeed. Besides, plaintiff did not propose to the court to follow up this evidence by other proof showing any right in himself. \* \* \*

Brief of C. P. Neilson:

Appellant claims that he can amend the Everett judgment and make it certain. That is true, but how will he amend? By the

record, and by that only. And how will the judgment then read? "Judgment for a principal debt of $157, with about $48 interest, less a credit on said interest of $12." For, in amending, there is nothing in the record which will authorize a departure from the rule of calculation prescribed by law.

We do not contend that the judgment is void for uncertainty, for it is not, but we do say that the *note* must be read to make certain the judgment; and, upon reference to that instrument, we find the real amount in controversy (that is, the debt due plaintiff; she cannot sue for less) is beyond the jurisdiction of the court, and for the amount really due the judgment is, in truth, rendered, and for that reason *is void*. That the affidavit claims only "$145 or thereabouts" does not give jurisdiction when the whole record shows that the real amount was a principal debt of $157, and that the court rendered judgment for "the full amount of note and interest," without qualification or explanation. Askew *v.* Askew, 49 Miss. 306; Fenn *v.* Harrington, 54 Miss. 739.

The justice court is not one of general jurisdiction, but, on the contrary, is a court of limited jurisdiction, and, therefore, its record must show jurisdictional facts. Broom's Legal Max., p. 756.

In this case there is not only want of such facts, but the record shows affirmatively a claim beyond the jurisdiction. When the principal debt is on its face more than $150, the record must show that the full amount was not owing. Here there is nothing to warrant this conclusion, for the judgment itself precludes any such inference, as it says, in round terms, that the plaintiff is entitled to the full amount shown by the note to be owing. That the court assumed jurisdiction does not of itself so far contradict the record as to justify the conclusion that such proof did exist as warranted exercise of the power. If the justice had rendered judgment for an ascertained sum, and that sum was within his jurisdiction, then we might be authorized to assume the existence of those facts which confer jurisdiction. But the record shows a case beyond the authority of the court, without anything to explain or contradict the facts set forth.

We insist, therefore, that the judgment in the Everett attachment suit is *void for want of jurisdiction* in the justice court, and

that it was properly excluded by the Circuit Court when offered in the trial of the claimant's issue.

OPINION.—CAMPBELL, C. J.:

The case is determinable by the rule announced in Martin v. Harden, 52 Miss. 694.

The case of Fenn v. Harrington, 54 Miss. 733, furnishes the rule applicable to cases in which it is uncertain what is the principal of the amount in controversy, and not to those in which the facts are not in dispute, and where computation will show exactly what is the principal of the amount sued for.

We agree with counsel for the appellant as to the duty to indulge every presumption not inconsistent with the record of the validity of the judgment, but the record plainly shows that the case was not within the jurisdiction of the justice of the peace, and that the judgment is, therefore, void.

*Affirmed.*