## J. B. ROSS v. NATCHEZ, JACKSON AND COLUMBUS RAILROAD COMPANY.

1. JURISDICTION. *Justice of the Peace. Amount in controversy.*
   The test of the jurisdiction of the Justice's Court in an action for the value of property is the sum sued for, unless the court or jury is satisfied that the amount has been intentionally diminished for the purpose of giving the court jurisdiction. *Fenn* v. *Harrington*, 54 Miss. 733, followed.

2. SAME. *Instructions. Verdict.*
   It is erroneous to charge the jury that if they believe the property worth more than one hundred and fifty dollars, they should find for the defendant; for an honest mistake by the plaintiff as to its value will not defeat the action, but the verdict must be limited to one hundred and fifty dollars and interest.

3. RAILROAD. *Killing animals. Evidence.*
   In an action against a railroad company for the value of a mule killed by its train, after the engineer has testified for the defendant, that the animal was so close when seen that the engine could not be stopped, testimony is admissible, in rebuttal, to show evidences that it ran some distance along the road bed before it was struck.

APPEAL from the Circuit Court of Hinds County.

HON. T. J. WHARTON, Judge.

In this suit by the appellant against the appellee for the value of a mule killed by one of the company's trains, the engineer was introduced by the defendant after the plaintiff's evidence was closed, and testified that there was a heavy fog when he first saw the mule coming up the side of the railroad bed, thirty feet in front of the engine, which was running twenty miles an hour and could not be

stopped before it struck the animal. The plaintiff then introduced W. J. Ferguson in rebuttal, and after the witness had stated that he heard of the accident the morning after it occurred, and examined the place, the plaintiff's counsel asked: "Did you or not see evidences that the mule had run some distance along the bed of the road before it was struck—if yea, how far and what were the evidences?" Defendant objected that such evidence was not in rebuttal, the objection was sustained, and the plaintiff excepted. The court then offered to admit the evidence and give an instruction upon it, but was misunderstood by plaintiff's attorney, who thought that the court was still sustaining the objection, and rested his case. The verdict was for the defendant.

At the trial, the court instructed that "if the jury believe from the evidence that the mule was worth more than one hundred and fifty dollars, then they must find for the defendant." No special exception appears to this charge. But the clerk certifies that it was given by the court and mislaid and afterwards furnished by counsel in the case. The motion for a new trial assigns the giving of this charge as error. An exception appears to the company's other instructions in a bill of exceptions taken by the plaintiff to the order overruling the motion for a new trial. This order recites a special exception "to the action of the court in overruling said motion." The instructions and motion are copied into the bill of exceptions, which concludes by stating that the plaintiff's motion "was by the court overruled. Whereupon the plaintiff tendered this his bill of exceptions."

*J. K. McNeely,* for the appellant.

1. Jurisdiction when dependent upon the amount in controversy is determined *prima facie* by the sum claimed in the declaration. The court should decide this question. *Fenn* v. *Harrington,* 54 Miss. 733. The pleadings in this matter are sustained by the evidence. It is manifest that there was no attempt to evade jurisdiction. The court had jurisdiction, and the instruction was clearly wrong. *Root* v. *McFerrin,* 37 Miss. 17. No evidence is in the record tending to show that the value of the animal was purposely diminished.

2. The testimony showing that the mule ran on the track some distance ahead of the engine was admissible. Its exclusion was error. And this was not cured by the judge's subsequent remark to the effect that he would let the evidence go to the jury. Counsel for the appellant did not understand that the ruling was changed. When the court altered its position, this should have been made so clear that every one could understand it. If the jury comprehended this change, it must have prejudiced them against the case of the plaintiff, who after pretending that he could contradict the engineer failed to do so when the opportunity was given him.

*Nugent & McWillie,* for the appellee.

1. The question is, Was the ruling right? not, Did the plaintiff's attorney understand it? Litigants are liable for their counsels' inattention. If the hearing of the attorney was not acute, the court cannot be held responsible. All pretense of error was removed by the change in the ruling. The plaintiff got what he asked for, and if he did not avail himself of it, the fault was his own. Lawyers must be diligent, faithful, and attentive in the discharge of their important duties. It cannot be held that the court shall see that its rulings are heard and understood.

2. No exception was taken to the action of the court in giving the instruction. The bill of exceptions does not show an exception to the overruling of the motion for a new trial. Hence the instruction is not open to review in this court. *Scott* v. *State,* 31 Miss. 473; *Memphis Railroad Co.* v. *Chastine,* 54 Miss. 503. Recital in the record is not enough. The statement in the order overruling the motion for a new trial that this action was excepted to is unavailing, for the bill of exceptions is the only place where this exception can be recited. *Fondren* v. *Durfee,* 39 Miss. 328 ; *Vicksburg Railroad Co.* v. *Ragsdale,* 51 Miss. 447. The verdict is right, and the instruction immaterial. *Bell* v. *Medford,* 57 Miss. 31 ; *Anding* v. *Levy,* 57 Miss. 51.

*C. S. North,* on the same side.

1. Counsel contends that there is no evidence showing that the mule was worth more than one hundred and fifty dollars. If this be true the instruction could not have misled the jury. But the

verdict is right upon the other evidence, and a reversal for this charge will not be had.  *Craft* v. *Bloom*, 59 Miss. 69.  In view of the circumstances, the result in this case is right and the judgment should be affirmed.  No human agency could avert this accident. Juries are not prone to favor corporations.  A verdict in favor of a railroad company is generally supported by every fact.

2. Proof of the tracks if admitted could not have altered the result of the trial.  These tracks may have been made by any other mule.  And they did not show how far the animal was away from the engine at the time they were made.  But it was the fault of the plaintiff's counsel that this testimony was not introduced. The court ruled that it was admissible; and if the attorney did not avail himself of this ruling, the court cannot be blamed.  A new trial will not be granted for the exclusion of immaterial evidence. *Magee* v. *Harrington*, 13 S. & M. 403 ; *Cogan* v. *Frisby*, 36 Miss. 178.

CHALMERS, J., delivered the opinion of the court.

The suit was commenced before a justice of the peace to recover the sum of one hundred and fifty dollars damages for the killing of a mule belonging to the plaintiff by the cars of the defendant, the Natchez, Jackson and Columbus Railroad Company.  There was some question and some conflict of testimony as to the value of the animal and a motion was made by the defendant in the circuit court to dismiss the suit upon the ground that the mule was worth more than one hundred and fifty dollars, and that consequently the justice's court was without jurisdiction.  The court refused to dismiss, but instructed the jury that if they believed from the testimony that the animal was worth more than one hundred and fifty dollars they must find for the defendant.

This was erroneous.  While the jurisdiction of the justice's court in money demands for a sum certain is limited to one hundred and fifty dollars, where the action is for the value of property, the test of jurisdiction is the sum sued for, unless the court or jury is satisfied that the amount has been intentionally diminished for the purpose of giving the court jurisdiction.  The jury should

therefore have been told that if they believed the mule was worth more than one hundred and fifty dollars, and that the plaintiff had purposely demanded less in order to give the justice's court jurisdiction, they should find for the defendant; but that an honest mistake by the plaintiff as to its value would not defeat the action, though the verdict must be limited to one hundred and fifty dollars, with interest. *Fenn* v. *Harrington*, 54 Miss. 733.

As the case must go back for a new trial, we take occasion to say that the ultimate action of the court in offering to admit the proffered testimony of the witness W. J. Ferguson as to the tracks supposed to have been made by the mule upon the bed of the railroad, was correct, and that its previous ruling excluding the testimony was erroneous.

*Judgment reversed.*