WILLIAM B. PARKS v. VIRGINIA GRANGER.

[51 South. 716.]

JUSTICES OF THE PEACE. *Jurisdiction. Constitution* 1890, *sec.* 171. *Amount in controversy. Promissory note. Attorney's fees in case of suit upon.*

The jurisdiction of a justice of the peace is limited (Constitution 1890, sec. 171) to causes in which the principal amount in controversy does not exceed two hundred dollars, and he has no jurisdiction of a suit upon a promissory note for a principal sum and an attorney's fee in case of suit, where the aggregate of the two exceeds said sum.

FROM the chancery court of, second district, Bolivar county. HON. MANUEL E. DENTON, Chancellor.

Mrs. Granger, appellee, was complainant in the court below; Parks, appellant, was defendant there. From a decree in complainant's favor the defendant appealed to the supreme court. The object of the suit was to enjoin the enforcement of a pretended judgment rendered in defendant's favor against complainant by a justice of the peace, on the ground that the jus-

tice's court was without jurisdiction of the cause in which it was rendered. The suit before the justice of the peace was upon a promissory note for a principal sum and it contained a promise to pay an attorney in case of suit upon the note. The principal sum due was less than two hundred dollars, but the aggregate of the principal sum due and the attorney's fee exceeded said sum.

*W. G. Hardie,* for appellant.

Counsel argued the case fully, citing the following authorities: *New Orleans, etc., R. Co. v. Evans,* 49 Miss. 785; *Jackson v. Whitfield,* 51 Miss. 202; *Ward v. Scott,* 57 Miss. 826; *Kiernan v. Germaino,* 62 Miss. 75; *Hedgecock v. Davis,* 64 N. C. 650.

*Chas. Scott, Woods & Scott,* for appellee.

Counsel argued the case fully, citing the following authorities: *Bank of Duncan v. Brittain,* 92 Miss. 545, 46 South. 163; 1 Ency. of Pleadings & Prac. p. 715, and note 4; *Blankenship v. Wartelsky* (Tex. Sup.), 6 S. W. 143; *Clark v. Brown,* 48 Tex. 212; *Fix v. Sissung,* 83 Mich. 561, 47 N. W. 340, 21 Am. St. Rep. 620; *Baxter v. Bates,* 69 Ga. 587; *Altgelt v. Harris* (Tex.), 11 S. W. 857; *Waters v. Walker* (Tex. App.), 17 S. W. 1085; *Moore v. Foy* (Tex. App.), 15 S. W. 199; *Warder et al. v. Raymond,* 7 S. D. 451, 64 N. W. 525; *Beach v. Atkinson,* 87 Ga. 288, 13 S. E. 591; *Hill v. Haas,* 73 Ga. 122; *Bell v. Rich,* 73 Ga. 240; *Almand v. Almand,* 95 Ga. 204, 22 S. E. 213; *Ashworth v. Harper,* 95 Ga. 660, 22 S. E. 670.

WHITFIELD, C. J., delivered the opinion of the court.

The question presented by this record is a very interesting one, and has never been decided by this court. The question is this: Where a note is given for a sum less than $200, and

also stipulates for an attorney's fee of 10 per cent. if suit should be instituted on said note, and the amount of the principal of the note, plus the attorney's fee of 10 per cent. of the amount of the note, together exceed $200, can suit be brought before a justice of the peace; or is the justice of the peace, to state it differently, without jurisdiction to try the case? In other words, is the amount of the said attorney's fee, so fixed by said per cent., and agreed by the contract to be paid in case of institution of suit, a part of the amount in controversy? The authorities elsewhere answer the question in the affirmative, that is to say, that the amount of the attorney's fee is a part of the amount in controversy, and that, as a consequence in the case stated, the justice of the peace would have no jurisdiction.

The authorities have been collected in the brief of the learned counsel for appellees, to which we refer. In the first volume of the Encyclopedia of Pleading and Practice, at page 715, note 4, it is said: "Attorney's fees, especially stipulated for in promissory notes, are not considered costs, but are calculable in determining the amount in controversy." In *Blankenship v. Wartelsky,* 6 S. W. 143, the court says: "Attorney's fees are not regulated by statute, and are not taxed as costs in this state. Attorney's fees spring out of the contract, on account of the failure of the maker to perform it, are incidental to it, and arise from the express agreement of the parties, and are as much a part of the controversy, or a matter in dispute, as the debt itself. If the attorney's fee was allowed by law it would then probably be held to be a part of the costs of suit, and not a subject of dispute or controversy." In the case of *Baxter v. Bates,* 69 Ga. 587, the court said that, where a note sued on provides for the collection of attorney's fees in addition to the principal in case of suit, and such sum and fee together make the amount beyond the jurisdictional limit, the jurisdiction of the court is ousted." In the case of *Altgelt v. Harris* (Tex.), 11 S. W. 857, a case directly in point, the court said: "A note

for $194 provided for 10 per cent. attorney's fees. Held, that the collection fees could be considered on the question of the jurisdiction of the district court of an action on the note. As the amount collectible, including such fee, would exceed $200, the district court had jurisdiction." And the court uses this language: "When a note was placed in the hands of an attorney for collection after its maturity, or when suit was brought, the contingency upon which the attorney's fees were to be added to the debt had happened, and the attorney's fees became a part of the debt, not in the nature of costs, or interest, but as principal. It has been held so several times in this state, and it has been held that attorney's fees will be considered in determining the question of jurisdiction. The attorney's fees, being added to the amount due on the note as principal only, made the amount collectible on it, exclusive of interest, $213.40, an amount of which the justice court had no jurisdiction." See, also, *Warder v. Raymond,* 7 S. D. 451, 64 N. W. 525, and *Almand v. Almand,* 95 Ga. 204, 22 S. E. 213. That case is especially significant, as it was decided on reargument questioning this principle. The court reaffirmed the principle, saying: "That the attorney's fees constitute a part of the principal debt, is decided by a long and universal current of cases in this state. Counsel for plaintiff in error, conceiving that these decisions were founded in a misapprehension upon the part of this court of the true law controlling the subject therein adjudicated, asked leave to review them. This request was granted, and upon consideration thereof we are well satisfied with the correctness of the principle there declared. The attorney's fees are not in any sense interest, nor are they any accretion upon the principal. The stipulation for their payment is a covenant independent of principal or interest, and the mention of them is only incidental as a means of computing and estimating the sum which the defendant undertakes to pay in the event the plaintiff is forced to bring suit. The joinder

Statement of the case.

of this demand with what is stated as technical principal makes the principal debt for recovery of which this action is brought, exclusive of interest, exceed the sum of $100, and this it is that renders the judgment void."

It follows, from these views, that the decree of the learned chancellor is correct.               *Affirmed.*