CATCHOT *v.* RUSSELL.

(Division A.   May 4, 1931.)

[134 So. 140.   No. 29430.]

**J. L. Taylor,** of Gulfport, for appellant.

**Bullard & Bullard,** of Hattiesburg, for appellee.

**McGowen, J.,** delivered the opinion of the court.

The appellant, Catchot, administrator of the estate of George L. Friar, deceased, sued Russell, the appellee, in the circuit court of Jackson county, on a note dated April 22, 1924, which note was made an exhibit to the declaration, and provided for six per cent interest from date, and ten per cent attorney's fee on the principal and interest to be added as collection fees, and prayed for a judgment in accordance with the terms of the note. The suit was filed on the 8th day of July, 1930.

The circuit court dismissed the suit for want of jurisdiction, on the theory that the principal amount in controversy was less than that of which the circuit court had jurisdiction, or not in excess of two hundred dollars.

It is apparent from the statement of facts that the principal amount of money promised to be paid in this case is one hundred eighty dollars, that the principal and interest from the date of the note, April 22, 1924, to the date suit was filed, would be in excess of two hundred forty-five dollars. The attorney's fee of ten per cent would be in excess of twenty-four dollars and fifty cents; the attorney's fee, thus ascertained, added to the face of the note, one hundred eighty dollars is in excess of two hundred four dollars.

The question at issue here is whether or not the circuit court or the justice of the peace court had jurisdiction of this cause.

Section 171 of the Constitution of 1890 defines the jurisdiction of the justice court in this language: "The jurisdiction of justices of the peace shall extend to causes in which the principal amount in controversy shall not exceed the sum of two hundred dollars." Section 2071, Code 1930, is in the same language. This court has consistently held that interest is not included in determining the principal amount in controversy. See New Orleans, J. & G. N. R. R. Co. v. Evans, 49 Miss. 785; Jackson v.

Whitfield, 51 Miss. 202; Martin v. Harden, 52 Miss. 694; Wainwright v. Atkins, 104 Miss. 438, 61 So. 454.

It is argued by appellee that the calculation, in order to ascertain the principal amount in controversy in this case, should be on one hundred eighty dollars, face of the note, interest thereon to date of maturity, five ·dollars and eighty-four cents, ten percent of the face of the note, eighteen dollars. Ten per cent of the interest is fifty-eight cents, so that the principal amount in controversy, according to this calculation, would be one hundred ninety-eight dollars and fifty-eight, which, if correct, would establish jurisdiction in a justice court; and he also argues that the same reason would obtain for not allowing the attorney's fee, as ascertained on the date suit was filed, as was announced by the court in Jackson v. Whitfield, supra, for declining to permit interest to be counted in determining the jurisdictional amount. In that case, this court, in effect, said: "Interest is a thing that is always growing." And further said: "It is not proper that a jurisdiction, now become important, should be fluctuating."

It is well established that the test as to the jurisdiction amount in controversy is determined at the time of the filing of the suit. See Martin v. Harden, 52 Miss. 694; Mobile, J. & K. C. R. Co. v. Hitt & Rutherford, 99 Miss. 679, 55 So. 484; Wainwright v. Atkins, 104 Miss. 438, 61 So. 454; Cantrell et al. v. Peugh, 149 Miss. 21, 115 So. 116.

We have demonstrated by the figures that, if the attorney's fee, calculated on the fact of the note, and the interest thereon to date the suit was filed is to be added to the fact of the note, then the principal amount in controversy in this case would be in excess of two hundred dollars, and the circuit court would have jurisdiction.

In the case of Parks v. Granger, 96 Miss. 503, 51 So. 716, 27 L. R. A. (N. S.) 157, Ann. Cas. 1912B, 232, this

court held: "The jurisdiction of a justice of the peace is limited to causes in which the principal amount in controversy does not exceed two hundred dollars, and he has no jurisdiction of a suit upon a promissory note for a principal sum and an attorney's fee in case of suit, where the aggregate of the two exceeds said sum." That case was well reasoned, and the authorities cited therein support the holding of the court. In that case the attorney's fee was ten per cent of the principal sum, which, when added to the principal, exceeded two hundred dollars, and the court there said: "Attorney's fees spring out of the contract on account of the failure of the maker to perform it, are incidental to it, and arise from the express agreement of the parties, and are as much a part of the controversy, or a matter in dispute, as the debt itself. If the attorney's fee was allowed by law it would then probably be held to be a part of the costs of suit, and not a subject of dispute or controversy."

The only difference between this case and the case of Parks v. Granger, supra, is that in the instant case the note provides that the attorney's fee of ten per cent shall be calculated on the face of the note, and the accrued interest, and in the case of Parks v. Granger there is no mention of interest. We think that the case of Parks v. Granger is controlling here, and we are strengthened in the view from the fact that the case of Almand v. Almand, 95 Ga. 204, 22 S. E. 213, is cited specially by Judge Whitfield. In the Almand case, the facts and principles are just the same as appear in the case at bar. In the Almand case, the court, in its opinion, makes the calculation upon the face of the note, and the interest and the attorney's fee is ascertained by taking into consideration both items. Interest is excluded by the language "principal amount in controversy" found in the Constitution and in the statute.

We conclude that the principal amount in controversy in determining whether jurisdiction is in the circuit court or the court of a justice of the peace is ascertained as of the date of the filing of the suit, and that the attorney's fee, provided for in the contract, or note, is a part of the said principal amount, and may be calculated on the demand, augmented by the interest to the date the suit was filed; and if the attorney's fee, thus ascertained, added to the face of the note, excluding interest, is in excess of two hundred dollars, the circuit court has jurisdiction of the cause. Therefore, the court below erred in dismissing this cause.

Reversed and remanded.