TRAVIS & SON v. F. A. HULETT & SON.

(Division A.   May 2, 1932.)

[141 So. 349.   No. 29996.]

**J. M. Travis,** of Meridian, for appellants.

S. M. Graham, of Meridian, for appellee.

**McGowen, J.,** delivered the opinion of the court.

In a justice of the peace court, Hulett & Son sued Travis & Son on notes amounting to one hundred sixty-seven dollars and sixty cents. The notes provided for a reasonable attorney's fee, to be paid by the makers, upon the notes being placed with an attorney for collection or suit being brought thereon. In addition to the principal sum demanded, the plaintiffs in the justice of the peace court also demanded fifteen per cent thereon and a suit fee of seven dollars and fifty cents as attorney's fee. The judgment of the justice of the peace was for one hundred sixty-seven dollars and sixty cents, principal, and thirty-four dollars and twenty-nine cents as attorney's fee, and accrued interest on the principal. The attorney's fee added to the principal amounts to two hundred one dollars and eighty-nine cents, the total sum demanded. Travis & Son appealed to the circuit court, and there made a motion to dismiss, because the justice of the peace was without jurisdiction to render judgment for a sum in excess of two hundred dollars, as the principal amount in controversy. This motion was apparently overruled, and a judgment was there entered for the amount of the notes and attorney's fee.

The justice of the peace was without jurisdiction; the principal amount in controversy was in excess of two hundred dollars; therefore, on appeal the circuit court was without jurisdiction. The jurisdiction of a justice of the peace is determined at the time of the filing of the suit. See Catchot v. Russell, 160 Miss. 330, 134 So. 140, and authorities there cited. It is also settled in this juris-

diction that the amount of attorney's fee provided for in a note and demanded by the plaintiff is to be added to the principal sum of the note in order to test the question of the jurisdiction of the court. Catchot v. Russell, supra; Parks v. Granger, 96 Miss. 503, 51 So. 716, 27 L. R. A. (N. S.) 157, Ann. Cas. 1912B, 232.

It is said by appellees that the notes in the case at bar differ from the notes under consideration in the cases cited supra, in that in those cases a certain percentage of the principal was fixed as being the amount of the attorney's fee, while in this case the notes only provide for a reasonable attorney's fee. The answer is obvious. A reasonable attorney's fee was demanded, and the amount thereof was fixed at the time of the bringing of this suit, and recovery was had in accordance therewith. The rule is that the amount of the demand in a civil suit, where honestly made, fixes and determines the amount in controversy in suits for unliquidated damages as well as in cases where the amount is liquidated. See Fenn v. Harrington, 54 Miss. 733; Ross v. Natchez R. Co., 61 Miss. 12; Griffin v. McDaniel, 63 Miss. 121; Ball v. Sledge, 82 Miss. 749, 35 So. 447, 100 Am. St. Rep. 654; Yazoo & M. V. R. R. Co. v. Payne, 92 Miss. 126, 45 So. 705.

De Jarnatt v. Marquez, 127 Cal. 558, 60 Pac. 45, 78 Am. St. Rep. 90, is a case in point. This was a suit brought in a court of the justice of the peace upon an instrument for one hundred fifty dollars, which provided for a reasonable attorney's fee, and one hundred dollars was demanded as a reasonable attorney's fee. The California court held that the plaintiff's demand was for two hundred fifty dollars, and that the judgment of the justice of the peace therefore was in excess of his jurisdiction and void.

The circuit court should have dismissed the appeal in this cause.

Reversed and remanded.