NORBERTO GARCÍA, Plaintiff and Appellee, *v.* HEIRS OF ANTONIO RODRÍGUEZ GONZÁLEZ, Defendants and Appellants.

No. 8674. Argued March 15, 1943.—Decided March 24, 1943.

*J. Córdova Rivera* for appellants.  *Gaspar Gerena Bras* for appellee.

Mr. Chief Justice Del Toro delivered the opinion of the court.

Norberto García filed an action in the District Court of Arecibo against Antonio, Juan, Domingo, Tito, Julia, Marcelino, José, Dolores, Rosa, and Cándida Rodríguez Pagán as heirs of Antonio Rodríguez González for $500 plus $150 liquidated costs, expenses, disbursements, and attorney's fees.

Defendants Marcelino, Julia, Domingo, and Tito Rodríguez Pagán demurred to the complaint on the ground of lack of jurisdiction and insufficient facts to state a cause of action. The demurrer having been overruled they answered generally and specifically denying all the facts pleaded in the complaint. The case came on for trial and the court held on June 25, 1942, as follows:

"Opinion and judgment. In this case a claim is made for the amount of a promissory note due and owing. The evidence for the plaintiff shows the existence of the debt. Defendant's answer limited itself to denying the facts, but no evidence was introduced to contradict the existence of the debt, or to show that the same had been paid. The lack of jurisdiction of this court on the basis of the sum in controversy was alleged, but inasmuch as $500 plus an additional amount for attorney's fees stated in the promissory note are claimed, we are of the opinion that the court has jurisdiction to hear the case.

"As to the attorney's fees a liquidated amount to be paid by the debtor was not agreed to in the deed or in the promissory note. In executing the guaranty after mentioning the credit, $150 for costs, expenses, disbursements, and attorney's fees were estimated. This way of contracting leaves it up to the court to fix in its discretion the attorney's fees, and we believe that the $150 sum claimed, even including costs, is too large for a principal claim totalling $500.

"For the reasons stated the court renders judgment adjudging defendants to pay to the plaintiff the sum of $500, with costs and $60 for attorney's fees."

Those defendants who appeared at the trial have appealed, and their appeal was perfected on January 29, 1943. On February 12, the appellee prayed for the dismissal of the appeal because the notice of appeal was not served on those defendants who had defaulted, and because it is frivolous. Appellants filed a writing in opposition thereto. The hearing of the motion was held on March 15, of this year, without the appearance of the parties.

■ The first ground alleged in support of the dismissal is without merit. While it is true that those defendants who were not served with notice are parties to the suit, they do not have the status of parties opposed to appellants in this appeal. Appellant's appeal instead of prejudicing them might favor them, because if the judgment is reversed, it would not be reversed only as to them but as to all the defendants in the suit. And such being the relation existing between them, the need to give notice does not arise. See *Brunet* v. *Heirs of Nin*, 57 P.R.R. 789.

■■ The second ground exists. This is a frivolous appeal. The district court had jurisdiction because not only the $500 owed were claimed but also $150, which were expressly contracted as a reasonable sum for costs, expenses, disbursements, and attorney's fees in case of litigation.

The law fixes the jurisdiction of municipal judges as follows: "He shall have jurisdiction in all civil matters in his district to the amount of five hundred dollars, including in-

terest; . . . '' §4 of the Act to Reorganize the Judiciary, approved March 10, 1904 (Laws of 1904, pp. 103–110; Comp. Stat. 1911, §1173, p. 247).

It is true that, according to the promissory note which contains the obligation the payment of which was claimed, the debt amounts only to $500, upper limit of the jurisdiction of municipal courts in ordinary civil suits as the one at bar, but it is also true that it was agreed in it that ''in guaranty of this obligation and of an additional credit for $150 liquidated costs, expenses, disbursements, and attorney's fees in case of litigation, from this day on a voluntary mortgage is executed on a rural estate consisting of 12 acres (*cuerdas*) situated in ward Angeles of Utuado,'' and since the prayer for relief of the complaint asked judgment for $500 plus $150, the true sum claimed exceeds the maximum sum within the jurisdiction of the municipal court, for which reason the suit had to be filed in the district court.

The question under discussion has been the object of a detailed study by the courts of the continent, as may be seen in 15 C.J. 766, and the following: 14 Am. Jur., Courts, par. 216; *Parks* v. *Granger*, 51 So. 716 and note in 27 L.R.A. (N. S.) 157, and *Catchot* v. *Russell*, 134 So. 140 and note in 77 A.L.R. 991, 1011, the great majority of the authorities having decided that the sum of the attorney's fees should be added to the principal owed in order to determine if the sum in controversy is within the jurisdiction of the court, since attorney's fees are not considered costs.

When they are, they do not form part of the sum in controversy. See in this respect the cases of *Seabord Air Line Ry.* v. *Maxey*, (Florida) 60 So. 353, and *Eagle Gold-Min. Co.* v. *Bryarly* (Colorado), 65 P. 52, and the other cases cited to the same effect at page 1013 of the cited note to the case of *Catchot* v. *Russell, supra,* in 77 A.L.R. We take the following from the syllabus of the case of *Eagle Gold-Min. Co.* v. *Bryarly, supra:* ''Under a statute providing that plain-

tiff might recover a reasonable attorney's fee, to be fixed by the court and taxed as costs, an allegation that $250 was a reasonable attorney's fee did not make the $250 a part of the plaintiff's claim, and hence it cannot be considered in determining whether the amount involved exceeded the jurisdiction of the court.''

In Puerto Rico the last expression of the will of the Legislature in the matter of costs and attorney's fees is contained in Act No. 94 of 1937 (Laws of 1937, p. 238), by virtue of which §327 of the Code of Civil Procedure was amended, as it had been previously amended by Act No. 69 of 1936. As it is in force today, that section provides that the party in whose favor any final judgment or resolution is rendered shall be allowed costs which shall comprise disbursements which are specified, six in number, none of which comprises attorney's fees. With respect to this the amended section reads as follows: ''In case any party shall have acted rashly, the court shall include in its judgment the payment of the fees of the attorney for the other party, stating in its judgment the amount of said fees, taking into account the degree of guilt in the litigation and the work necessarily done by the attorney of the other party; *Provided,* That nothing in this section shall be understood in the sense of granting lawyers' fees to be included in the costs levied on a defendant who has not filed his appearance in an action or proceeding, *except when the said defendant has agreed to do so.''* (Italics ours.)

Although the words ''to be included in the costs'' create some confusion, it may be concluded that in this jurisdiction attorney's fees do not normally form part of costs. They are allowed by the court when their payment has not been previously agreed to by the contracting parties and they are claimed at the trial, if the party against whom they are taxed has been obstinate, taking into consideration his degree of fault in the litigation and the work necessarily done

by the attorney for the other party. When their payment is previously agreed to by the parties, although the stipulation also refers to costs, as is the case here, the taxing is not done by the court on the basis of obstinacy on the part of the losing party in the litigation, but on the basis of the stipulation entered into by the party itself in contracting the obligation. It is for that reason that in such a case the amount of the attorney's fees contained in the stipulation may and should be taken into consideration in order to determine the amount in controversy for the purposes of determining the jurisdiction of the court to entertain the action.

Some doubt might exist in a case such as the one at bar if the principal obligation were for less than $500, but it amounting to such sum all doubt disappears because one more cent would confer jurisdiction upon the district court and, at least it must be admitted that one cent out of the $150 "liquidated costs, expenses, disbursements, and attortorney's fees" formed part of the attorney's fees.

In our decisions there is at least one case on which the trial court might have based its decision as to the jurisdictional question raised. We refer to that of *Smallwood Bros.* v. *Fernández et al.*, 40 P.R.R. 658, in which plaintiffs filed an action in a municipal court for $405.24 *on account of money owed on a promissory note plus interest and a reasonable sum for attorney's fees in accordance with a stipulation contained in the promissory note,* it being held that "if $50, or more had been added thereto as a reasonable attorney's fee, the total amount would still had been well within the jurisdiction of the court. It could hardly be contended, by defendants at least, that 10 per cent of the amount in controversy is not enough to pass as a reasonable attorney's fee." See also the cases of *Chalemán* v. *District Court,* 48 P.R.R. 434, and *Román* v. *Registrar of San Juan,* 37 P.R.R. 523.

In their answer in opposition to the motion for dismissal defendants-appellees insist that the complaint does

not state facts sufficient to constitute a cause of action because there is no allegation that the defendant heirs are the only persons bound under the obligation claimed. In the complaint it is alleged that defendants are the sole and universal heirs of Antonio Rodríguez and Simona Pagán; that Antonio Rodríguez, married, signed and delivered to plaintiff the promissory note which is transcribed, stating that he owed and promised to pay at sight the sum of $500, which sum together with that of $150 for costs, expenses, disbursements and attorney's fees in case of litigation, he would guarantee with a mortgage, and that the promissory note was presented for payment to the debtor before his death and subsequently to his heirs, who are named in the complaint, it not having been paid in spite of the demands made by the plaintiff. These allegations, which were proved at the trial, are sufficient to support the judgment.

The motion must be sustained and in consequence thereof, the appeal must be dismissed as frivolous.