**OXFORD PRODUCTION CREDIT ASSOCIATION, Plaintiff-Appellee,**

v.

**Gordon L. DUCKWORTH, Defendant-Appellant.**

**No. 81–4476.**

United States Court of Appeals, Fifth Circuit.

Oct. 18, 1982.

Thomas R. Trout, New Albany, Miss., for defendant-appellant.

Grady F. Tollison, Jr., Oxford, Miss., for plaintiff-appellee.

Before RUBIN, JOHNSON and GARWOOD, Circuit Judges.

ALVIN B. RUBIN, Circuit Judge:

Holding that an award of contractual attorneys' fees in an amount to be fixed at a later date is not a final judgment and that, therefore, an appeal on the other issues in the case would be premature until judgment is rendered for the amount fixed as fees, we deny a motion to dismiss this appeal, which was taken only after the later judgment fixing fees was issued.

Oxford sued on a promissory note that, by its terms, provided for payment of attorneys' fees in the event of a collection suit.[1]

By a document titled "ORDER," entered on September 1, 1981, the district court granted Oxford summary judgment, awarding Oxford $24,852.73 in unpaid principal and interest on the note. The order also recited that Oxford was entitled to attorneys' fees as stipulated in the note and allowed time for counsel to submit affidavits to assist the court in determining the amount due. On October 19, 1981, the district court entered a "MEMORANDUM ORDER" granting Oxford $4,970.55 in attorneys' fees. Each order was enrolled pursuant to the requirements of Fed. R. Civ. P. 58, 79, and recorded in the civil order book. The defendant filed his notice of appeal November 18, 1981.

Except in narrowly defined circumstances,[2] this court has jurisdiction to review district court decisions only if they are final. 28 U.S.C. § 1291. Therefore, the time for appeal in this case would have begun on September 1 only if the judgment then entered was final. In *Holmes v. J. Ray McDermott & Co.*, 682 F.2d 1143 (5th Cir. 1982), we distinguished between the finality of judgments determining liability for attorneys' fees, based on whether the fees are a part of costs or whether they are an integral part of relief on the merits. When attorneys' fees are similar to costs or collateral to an action, we there stated, the judgment determining liability is final and appealable even if the amount of the fees has not been fixed. "When, however, the attorney's fees are an integral part of the merits of the case and the scope of relief, they cannot be characterized as costs or as collateral and their determination is a part of any final, appealable judgment." *Id.* at 1146.

To determine whether the fee award in the present case was "an integral part of the merits" in this diversity case, we

---

1. The note provides:

    In the event this note is placed in the hands of an attorney for collection, or suit is brought on the same, or costs are incurred in collecting same, or any portion thereof, or if collected by any court proceedings, we and each of us, jointly and severally [*i.e.*, Gordon L. Duckworth], further agree to pay the owner or holder reasonable attorney's fees and cost[s] of collection.

2. *See* 28 U.S.C. § 1292.

look to Mississippi law.[3] Although we have not found Mississippi decisions on this exact point, cases from that state concerning subject matter jurisdiction and amount in controversy are instructive. Thus, in *Cachot v. Russell,* 160 Miss. 330, 334, 134 So. 140, 141 (1931), the court stated:

> Attorney's fees arising out of the contract on account of the failure of the maker to perform it, are incidental to it, and arise from the express agreement of the parties, and are as much a part of the controversy, or matter in dispute, as the debt itself. If the attorney's fee was allowed by law it would then probably be held to be a part of the cost of the suit, and not a subject of dispute or controversy.

*Id.,* at 141. *Accord, Travis v. F. A. Hulett & Son,* 163 Miss. 221, 141 So. 349 (1932); *Parks v. Granger,* 96 Miss. 503, 51 So. 716 (1910). Mississippi thus follows what seems to be the rule in every jurisdiction that has addressed the question.[4]

Because under Mississippi law the attorneys' fee award was "an integral part of the merits" in the present case, we conclude that their amount was a necessary part of any final judgment in this case. *Holmes v. J. Ray McDermott & Co., supra,* 682 F.2d at 1146. Therefore, the time for filing the notice of appeal did not begin to run until October 19, 1981, when the order fixing their amount was filed. The notice of appeal was thus timely filed, and we have jurisdiction over this appeal.

Appellee's motion to dismiss the appeal is DENIED.

**3.** *Cf. Duffer v. American Home Assurance Co.,* 512 F.2d 793, 799–800 (5th Cir. 1975) (to determine whether attorneys' fees permitted by Texas statute "should be included in the judgment or separately taxed as costs," court looked to Texas courts' interpretation of statute); *In re Bain,* 527 F.2d 681, 685 (6th Cir. 1975) ("the validity *and construction* of a secured obligation to pay attorney's fees is a question of state law.") (emphasis added); *International Erectors, Inc. v. Wilhoit Steel Erectory,* 400 F.2d 465, 467 (5th Cir. 1968) (in diversity cases federal court interprets contract according to state law).

**4.** *See, e.g., Perry v. John Hancock Mut. Life Ins. Co.,* 2 F.2d 250, 253 (5th Cir. 1924); *Howard v. Carroll,* 195 F. 646, 647 (D. Md. 1912); *Rogers v. Riley,* 80 F. 759, 761 (D. Ky. 1896); *Taylor v. Jones,* 290 Ala. 268, 276 So.2d 130, 133, *cert. denied,* 414 U.S. 879, 94 S.Ct. 126, 38 L.Ed.2d 124 (1973); *Almand v. Almand,* 95 Ga. 204, 22 S.E. 213, 214 (1894); *Humphrey v. Coquillard Wagon Works,* 37 Okl. 714, 132 P. 899, 901 (1913); *Barnes v. Bituminous Casualty Corp.,* 495 S.W.2d 5, 9 (Tex.Civ.App.1973); *King, McRae & Co. v. G.B. Robinson & Bros.,* 2 Tex. Civ. Cas. § 556 (1885).