## H. M. ROBERTS ET AL. *v.* WEILER & HAAS.

1. SCIRE FACIAS. *Discharge in bankruptcy, when not a defense.*
   A discharge in bankruptcy obtained by a defendant before the rendition of a judgment against him, but not then pleaded, cannot afterwards be set up as a defense to a *scire facias* to revive such judgment. The failure of the defendant to plead his discharge is a waiver thereof.

2. JUSTICE OF PEACE. *Jurisdiction by act of 1870.*
   The act of 1870, which provided for the transfer of all cases in which the amount in controversy did not exceed $150, except those on appeal, depending in the Circuit and County Courts, "upon the adoption of the present Constitution," to justices of the peace, had reference to cases pending in such courts at the date of the adoption of the Constitution. And the words "upon the adoption of the present Constitution" did not import the condition that the operation of the statute was dependent upon the future adoption of the Constitution, it having already been adopted.

3. ATTACHMENT. *Property replevied. Value to be assessed.*
   Where attached property has been replevied, section 1448 of the Code of 1871 requires that the jury trying the case shall assess the value of such property, and if its value equal the amount of the debt found due, judgment shall be entered against the defendant and the sureties on his replevin bond for the amount of the debt; but if its value be less than the debt found due, judgment shall be entered against the defendant for the amount of the verdict, and against his sureties for the value of the property. Where a replevin bond, in such a case, shows that the officer who made the levy and took the bond valued the property at an amount exceeding the debt sued for, and the justice of the peace who tried the case rendered judgment against the principal and sureties in such bond for the amount of the debt sued for, it must be presumed, on a proceeding by *scire facias* to revive the judgment, that the justice judicially ascertained that the value of the property exceeded the debt, and rendered judgment according to the statute, although he did not, as would have been more regular, make a separate entry of such finding.

ERROR to the Circuit Court of Monroe County.

Hon. J. A. GREEN, Judge.

A judgment was rendered in favor of the defendants in error against the plaintiffs in error, by a justice of the peace, upon a *scire facias* to revive a former judgment, because no execution had been issued thereon within a year and a day from its rendition. From this judgment of revival an appeal was taken to the Circuit Court, where the judgment of the lower court was affirmed. Thereupon a writ of error was sued out from this court.

*Houston & Reynolds* and *R. E. Houston*, for the plaintiffs in error.

1. The act of 1870 (Acts, 104), transferring the case from the Circuit to the Justice's Court, is, upon its face, void and unconstitutional, for the reason that it was to become a law upon the condition that the Constitution then pending before the people should be adopted. A law must be absolute, and not dependent upon any condition or uncertainty. Any order taken under such a law is void, and no notice to parties interested.

2. The judgment originally rendered by the justice of the peace was void, because the value of the property replevied was not ascertained by the justice, as the statute required, and judgment was rendered against the defendants and their sureties on their bond for the whole of the debt sued for. *Richards* v. *Money*, 39 Miss. 358 ; *Young* v. *Pickles*, 45 Miss. 553 ; *Bedan* v. *Alexander*, 47 Miss. 254 ; *Lock* v. *Brady*, 30 Miss. 21.

3. The judgment was satisfied by the discharge in bankruptcy. The debt sued for existed on April 1, 1868. The sureties on the replevin bond were discharged in bankruptcy, on July 2, 1870, from all their debts and liabilities then existing. The court erred in not allowing the discharge to be read in evidence, to show that the debt in question had been discharged.

*E. H. Bristow*, for the defendants in error.

1. No defense can be set up to a *scire facias* which might have been made to the original suit. Only defenses which

occur after the rendition of the judgment can be set up against its revival. *Matthews* v. *Mosby*, 13 Smed. & M. 422 ; *Marsh* v. *Mandeville*, 28 Miss. 122. It makes no difference whether the original judgment was by confession, default, or on plea. *McFarland* v. *Irwin*, 8 Johns. 78 ; *Parson* v. *Valentine*, 13 Smed. & M. 551 ; Freem. on Judg., sec. 445. The above authorities dispose of the defense of discharge in bankruptcy.

2. The Justice's Court had jurisdiction of the case. Under the act of July 19, 1870, an order was made by the Circuit Court regularly transferring the cause to the Justice's Court, which order carried the cause and the defendants into the Justice's Court, and subjected them to its jurisdiction in all things.

3. It is contended that the judgment was void because the justice of the peace did not assess the value of the property replevied, under section 1448 of the Code of 1871, but gave judgment against the defendant and the sureties on his bond for the amount of the debt. The reply to this is plain. The same section (1448) provides that, if the value of the property equal the debt, judgment shall be entered against the defendant and his sureties for the amount of the debt due the plaintiff. The justice having rendered judgment against the defendant and his sureties for the amount of the debt, it is to be presumed that he found the property equal in value to the debt. Everything is to be presumed in favor of, not only the validity, but even the correctness of, a judgment of a court of competent jurisdiction. Freem. on Judg., sec. 116 ; Herman on Estop. 59, 163 ; *Barringer* v. *Boyd*, 4 Cushm. 473 ; *Wall* v. *Wall*, 6 Cushm. 409. This presumption exists wherever there is a possible state of facts which would justify the judgment. *Duncan* v. *McNeill*, 2 Geo. 704.

CHALMERS, J., delivered the opinion of the court.

The proceeding was by *scire facias* to revive a judgment rendered in the Justice's Court. Ordinarily, the only valid answer in such cases is payment since the rendition, or that

the judgment was void. The bankrupt discharge, attempted to be set up as an answer to the *scire facias*, is not available, because it had been obtained before rendition of the judgment, and should have been pleaded upon the original trial. Not having been then pleaded, it is waived. *Jones* v. *Coker*, 53 Miss. 195.

It is said that the judgment is void because the Justice's Court had no jurisdiction. The suit was originally commenced by attachment in the Circuit Court, before the adoption of our present Constitution. It involved less than $150, and, therefore, after the adoption of that instrument, the Circuit Court could no longer entertain jurisdiction. By the act of July 19, 1870 (Sess. Acts, 104), all such cases " depending in the Circuit and in the County Courts of this state, upon the adoption of the present Constitution," were directed to be transferred " to any justice of the peace of the center beat of the county." Under this law this case was, by the Circuit Court of Monroe County, transferred to the court of Justice Walker, of the center beat of said county. The act of the Legislature recited is not obnoxious to the criticism made upon it by counsel, to the effect that it was void because depending upon a future contingency, to wit, a prospective adoption of the Constitution. The Constitution had already been adopted, and the words " upon the adoption of the present Constitution " refer to cases which were depending in the Circuit and County Courts at the date of its adoption. Justice Walker had jurisdiction, therefore, to render the judgment. It is further insisted that the judgment was void because the replevin bond had been given in double the value of the property attached, and judgment was rendered upon it for the amount of the debt sued for, without an ascertainment of the value of the property, as directed by section 1448 of the Code. The bond shows that the property attached had been valued, by the officer levying the writ, at an amount exceeding the debt sued for. The proceeding being oral, before a justice, we must presume that he discharged his duty, and judicially ascer-

tained that the value of the property exceeded the debt, and rendered his judgment accordingly. In the Circuit Court a. writ of inquiry would have been necessary. It would have been more regular in the Justice's Court to have made a separate entry fixing the value of the property, but we cannot, on a *scire facias* to revive, hold the judgment void on account. of the omission of such entry.

Judgment affirmed.