S. A. NEVILLE *v.* H. R. IHRIE.

[60 South. 577.]

JUDGMENT. *Res adjudicata. Defense concluded.*

     A plea of *res adjudicata* cannot be successfully interposed against a defendant in a second suit, where since the trial of the first suit a new defense has accrued to the defendant.

APPEAL from the circuit court of Warren county.

HON. H. C. MOUNGER, Judge.

Suit by S. A. Neville against H. R. Ihrie. From a judgment for the defendant, plaintiff appeals.

On November 27, 1903, S. A. Neville and H. R. Ihrie entered into a written lease contract whereby it was agreed that, for the sum of six hundred dollars to be paid fifty dollars per month for twelve months beginning January

1, 1904, Neville was to rent to Ihrie certain farming lands, and bound himself to convey said property to Ihrie should the latter desire to purchase it within twelve months for the sum of four thousand, five hundred and fifty dollars. It was further agreed that, if, upon examination, there was any cloud on the title which Ihrie would not accept, then Neville agreed to refund to Ihrie three hundred dollars of the six hundred dollars rental. In pursuance of that agreement Ihrie took possession of the property and paid the first six monthly installments, aggregating three hundred dollars. He then declined to pay for the months of July, August, and September, and suit was instituted against him for one hundred and fifty dollars in the court of a justice of the peace of Lauderdale county, resulting in a judgment for plaintiff. On appeal to the circuit court, a peremptory instruction was given for Neville for this amount, which judgment was affirmed, without written opinion, by the supreme court October 15, 1906 (case No. 12,297). Afterwards Neville instituted another suit for fifty dollars, covering the October payment, and obtained judgment by default. Thereafter the present suit was instituted, which was for the sum of one hundred dollars, covering payments for the months of November and December, 1904. This suit was begun before a justice of the peace of Warren county, where a judgment was obtained by Neville for one hundred dollars. On appeal to the circuit court, Ihrie filed a notice of set-off in which it was admitted that he owed the sum of one hundred dollars, but he claimed as a set-off the sum of three hundred dollars, which plaintiff had agreed to refund to him out of the six hundred dollars rental; it being shown that the land involved was a sixteenth section, or school land. By way of reply to the plea of set-off, plaintiff sets up judgment in the former case for one hundred and fifty dollars affirmed by the supreme court, and alleges that this judgment is *res adjudicata*, and consequently defendant cannot now plead set-off. The trial court gave

a peremptory instruction to find for Ihrie in the sum claimed by him.

*Hirsh, Dent & Landau,* for appellant.

We respectfully submit that it is quite plain that the rights of the parties to this litigation have been fully determined by this honorable court in the case of *Ihrie* v. *Neville,* No. 12,297, hereinbefore referred to, the adjudication in which case should be decisive here.

The only difference between this suit and the former suit is that in the former suit Neville sued for the installments due for July, August and September, and in this suit Neville sues for the installments due for November and December.

It is clear that in this case the sole defense made by Mr. Ihrie is that under the agreement hereinbefore referred to Neville was required to refund him three hundred dollars at the end of the year referred to in said contract on the condition mentioned in said contract. In other words, the contention of Mr. Ihrie in that case is that as the contract between him and Neville provided that Neville should give a "good and sufficient title," and that "if upon examination there should be discovered a cloud upon title which the said Ihrie would not accept," Mr. Neville should refund Mr. Ihrie three hundred dollars of said six hundred dollars which may have been paid to S. A. Neville on rental contract," and as it developed that a part of the land referred to in said contract was "school land" he, Mr. Ihrie, contends that he was not required to make the payments mentioned in said contract in addition to the first three hundred dollars; that as he would, if Neville could not make title, be entitled to a refund of three hundred dollars after paying an aggregate sum of six hundred dollars, and as he had paid in a total of five hundred dollars when this suit was brought, it was his contention that although he owed the one hundred dol-

lars for which this suit was instituted he nevertheless. should not be required to pay it but he had the right to recover one hundred and ninety-nine dollars being the two hundred dollars which he had paid in excess of the first three hundred dollars less one dollar interest. This is the identical theory on which Mr. Ihrie defended the the former suit, and we respectfully submit that this identical contention was fully and finally adjudicated against him on the former appeal.

We respectfully call the attention of this honorable court to the fact that when the former suit for one hundred and fifty dollars was instituted against Mr. Ihrie in Lauderdale county, the identical defense was made by' him as he seeks to interpose here.

The most casual perusal of the old record will show that the defense interposed by Mr. Ihrie when he sought to defeat the payment of the installments due for the months of July, August and September, was the same in every respect as the defense which he now interposes to defeat the payment of the installments due for the months of November and December; and if, as this honorable · court held in the old appeal, the defense so sought to be interposed by Ihrie would not operate to defeat the payment of the installments involved in that suit, certainly the identical defense cannot operate to defeat the payment of the installments involved in this suit.

We respectfully call the court's attention to the fact that Ihrie was not entitled to a refund of any sum whatever until he has first paid the twelve monthly installments aggregating six hundred dollars, in which event, and in the event of such a cloud an the title as is contemplated by the contract, Mr. Ihrie would be entitled to the refund mentioned in said contract, but in this case, as in the former case, before performing the obligations imposed upon him as a condition precedent to a right of refund, he seeks to avail himself of said refund.

In this suit he was allowed the benefit, by way of set-off, of the identical defense which this honorable court denied him in the former case.

The proposition is so elementary that we shall not encumber this brief with authorities to sustain it, that a set-off is tantamount to a counter suit, and if the amount with reference to which one seeks to avail himself by way of set-off is one for which he could not at that time maintain an independent suit, he necessarily cannot maintain his claim of set-off; and so, in this case, we respectfully submit, as Mr. Ihrie could not, in any event, have maintained a suit against Mr. Neville for any part of the refund, even if he had been entitled thereto, until he had first performed the obligations imposed upon him by said contract as a condition precedent to entitle him to a refund, he could not by way of set-off recover such items which, as stated, he could not have recovered in an independent suit.

We respectfully submit that as the present suit is between the identical parties growing out of the identical contract, and involving the identical facts and identical defense there is every reason for denying the contention made on behalf of Mr. Ihrie on this appeal that there was for denying the identical contention made in his behalf on the old appeal. · Otherwise we stand confronted by this anomalous situation: In this case a peremptory instruction was given in favor of the party against whom this honorable court, in the former suit, sustained a peremptory instruction; and a peremptory instruction was given against the party in whose favor this honorable court, in the former case upheld a peremptory charge, in other words although in the former case this honorable court held that Neville, the plaintiff, was entitled to a peremptory instruction against Ihrie, the defendant, in this case the court below, held that Ihrie, the defendant, was entitled to a peremptory instruction against Neville, the plaintiff—and yet both causes are identical. It cer-

tainly cannot be that Ihrie was entitled, in this case, to recover, by way of set-off, the amount paid by him under the former judgment which this honorable court affirmed, and for which the court held him liable, and yet that is precisely what the court below permitted.

*Moncure Dabney*, for appellee.

Appellant claims in his brief that: "It is quite plain that the rights of the parties to this litigation have been fully determined by this honorable court in the case of *Ihrie* v. *Neville*, No. 12,297, hereinbefore referred to, the adjudication in which case should be decisive here."

I except to this proposition. There is a material difference between the former case (No. 12,297 in this court) and the case at bar. In case No. 12,297 suit was originally instituted against Ihrie by Neville in a court of a justice of the peace of Lauderdale county, Mississippi, on an account dated and sworn to be as of September 5, 1904, for the July, August and September, 1904, rent which was then due and unpaid by Ihrie. There is nothing in the contract that gave Ihrie the right to withhold any of the monthly payments of fifty dollars; indeed, by the express terms of the contract he bound himself to pay this amount monthly and it seems to me that the judgment of the justice court in the former case which was affirmed by the circuit court of Lauderdale county, and later by the supreme court, was correct. At the time of the institution of that suit, no right in Ihrie to claim a refund of three hundred dollars had accrued for under the contract which is the basis of the suit the right could not have, and did not accrue, until the end of the year 1904. Later, as stated in appellant's brief, judgment by default for fifty dollars for the rent for October, 1904 was taken against Ihrie in another case and Ihrie paid that judgment. This left only the rent for November and December, 1904, under the contract unpaid by Ihrie, and

it was to enforce the payment of this rent that suit was instituted on July 10, 1907—more than two and one-half years after the expiration of the lease contract for the Millbrook farm and after the right in Ihrie to the refund of the three hundred dollars had accrued if the testimony shows that the conditions precedent to the accrual of that right had existed, as I shall show from the testimony in the case.

The contract of date November 27, 1903, provides: That Ihrie was required to pay fifty dollars per month on the first of each month of the year 1904 as rent for the Millbrook farm.

That if Ihrie should desire to purchase the property before January 1, 1905, Neville bound himself to deed to Ihrie a good and sufficient title to the property upon the payment by Ihrie of four thousand five hundred and fifty dollars. That should Ihrie desire not to buy within the period of the contract, that is, before January 1, 1905, Neville was to retain as rent fifty dollars per month paid as rent. That if, upon examination, there should be discovered a cloud upon the title (to the property) which Ihrie would not accept, then Neville would accept the return of the place and refund to Ihrie three hundred dollars of the six hundred dollars, which may have been paid by Ihrie to Neville on the rental contract.

It seems that Ihrie went into possession of the property under the above contract, paid the rent promptly from January to June, 1904, inclusive, and, learning that the title to the property in Neville was not such as to enable Neville to convey to him a good and sufficient title, refused to make any further payments as he claimed that he was entitled to the balance of three hundred dollars which he was to pay Neville for rent; in other words, the rent for the year 1904 was to be six hundred dollars, but if Ihrie found that there was a cloud on the title which he would not accept, Neville was to refund to him three hundred dollars of the six hundred dollars rent.

And right here is where the case at bar differs in two material respects from the former case (No. 12,297) previously decided by this court.

There is no testimony in case No. 12,297 that Ihrie had ever desired to buy the property and had made this desire known to Neville, and that he had discovered a cloud upon the title or that he had notified Neville of his desire to purchase but for the cloud on the title, and, I think, this desire must have existed and this notice must have been given to Neville as conditions precedent to Ihrie's right to claim the three hundred dollars as per the contract.

Even if Ihrie had not, previous to the above mentioned suit which was tried on October 17, 1904, notified Neville of his desire to buy but for the cloud upon the title and Neville's consequent inability to furnish a good and sufficient title, it cannot be denied that he gave Neville such notice, then and there, on the trial of that case, and before the rent for November and December, 1904 (the subject of the present litigation), had become due and this notice was a sufficient compliance with the terms of the contract to entitle Ihrie to the three hundred dollars refund agreed to be made to him by Neville by the terms of the contract.

The other material respect in which this case at bar differs from the former case is that suit in the former case was brought before the expiration of the lease and before the entire six hundred dollars was due, and, under my interpretation of the contract, the three hundred dollars was to be refunded out of the six hundred dollars which may have been paid to Neville on rental account.

As will be seen from the foregoing the two cases are not identical as claimed by counsel for appellant, and that the ruling of this court in case No. 12,297 does not determine the rights of the parties to the present controversy is apparent.

COOK, J., delivered the opinion of this court.

The subject-matter of this case was, in another form, before this court at the October term, 1906; appellant then being appellee now. The first case was affirmed without opinion, so we are left to conjecture the reasons controlling the court.

It is insisted that the former judgment is *res adjudicata* of this appeal. We think not, as there are reasons why the court may have decided that the matter set up in defense of that suit had not accrued to defendant at that time. However, we think substantial justice was attained by the judgment of the trial court in this case, and it is not clear that the former case adjudicated the matter here involved. Any other judgment than the one rendered below, it seems to us, would be unjust, and in direct conflict with the contract of the parties.

*Affirmed.*