# ORGILL BROS. *v.* COLEMAN.*

(Division A.    Jan. 10, 1927.    On Suggestion of Error, Feb. 7, 1927.)

[111 So. 291.    No. 26100.]

1. BANKRUPTCY.  *Law authorizing stay of proceedings is manda-
   tory until adjudication, and thereafter further stay may be
   granted, not exceeding one year, for cause.    (Bankruptcy Act,
   section 11 [U. S. Comp. St., section 9595]).*

   Stay of proceedings, authorized by Bankruptcy Act, section 11
   (U. S. Comp. St., section 9595), is mandatory until adjudication
   of bankruptcy, and thereafter a further stay may be granted,
   on good cause shown, for period not exceeding one year from
   date of adjudication.

2. BANKRUPTCY.  *Stay of proceedings pending adjudication or dis-
   missal of bankruptcy petition is primarily for determination of
   court in which suit is pending (Bankruptcy Act, section 11 [U.
   S. Comp. St., section 9595])*

   Whether stay of proceedings shall be granted, in accordance with
   Bankruptcy Act, section 11 (U. S. Comp. St., section 9595), pend-
   ing adjudication or dismissal of bankruptcy petition, is primar-
   ily for determination of court in which suit is pending.

3. BANKRUPTCY.  *Pendency of bankruptcy proceeding only entitles
   defendant to stay of proceedings in state court prior to his dis-
   charge (Bankruptcy Act, section 11 [U. S. Comp. St., section
   9595]).*

   Pendency of bankruptcy proceeding against a defendant does not
   entitle him, prior to discharge by bankruptcy court, to dis-
   missal of suit against him in state court, but only to stay of
   proceeding as authorized by Bankruptcy Act, section 11 (U. S.
   Comp. St., section 9595).

ON SUGGESTION OF ERROR.

4. BANKRUPTCY.  *Trial court, in dismissing certiorari from justice
   court judgment, was without right, after plea of bankruptcy dis-
   charge, to include judgment on bond for debt.*

   Where defendant, having taken writ of *certiorari* from a judg-
   ment in justice court, filed a plea setting forth formal discharge

in bankruptcy prior to judgment dismissing the writ of *certiorari*, trial court was without right to include in judgment of dismissal judgment on the bond for debt sued on.

---

*Corpus Juris-Cyc. References: Bankruptcy, 7CJ, p. 349, n. 82, 83, 85; p. 350, n. 87, 89, 90; p. 352, n. 6, 7; p. 409, n. 87; Justices of the Peace, 35CJ, p. 884, n. 90; p. 885, n. 94. On right to stay of pending suits against Bankrupt, see 3 R. C. L. 263; 1 R. C. L. Supp. 798.

APPEAL from circuit court of Washington county.
HON. S. F. DAVIS, Judge.

Action by Orgill Bros. against M. H. Coleman. Judgment for plaintiffs in justice's court, and defendant removed case to district court by a writ of *certiorari,* and from a subsequent judgment of dismissal, plaintiffs appeal. Affirmed.

*W. C. Neill,* for appellants.

The circuit court should have dismissed the writ of *certiorari* on appellant's motion. 2 How. 887, 54 Miss. 642. The record shows that execution was issued on an abstract of the justice of the peace judgment which was filed and enrolled by the circuit clerk on September 28, 1925, and which showed that the judgment was rendered in the justice court on September 23, 1925. Said abstract was the act of a court of record—section 2227, Hemingway's Code—and as such it was entitled to full faith and credit in the circuit court—59 Miss. 372—even though controverted by appellee's petition for *certiorari.*

The petition upon which the *certiorari* writ was granted did not show good cause for removal in accordance with the intention of section 72, Hemingway's Code, because upon its face it stated that the recorded act of a court of record was not so enacted. Again the bond executed in support of the *certiorari* process was insufficient to effect a removal of the cause from the justice court. Section 72, Hemingway's Code.

While the circuit court had jurisdiction of the writ of *certiorari* and should have dismissed same on motion for the reasons heretofore shown, yet the circuit court never had jurisdiction of the justice cause for any purpose whatever until it had adjudicated the legal adequacy and the truth of the facts stated in the petition for *certiorari* as grounds for removal of said cause. Without such adjudication it had no authority to examine any question of law appearing on the face of the record of the justice of the peace.

The judgment in the circuit court is ambiguous and indefinite in that it simply says "Dismissed at Defendant's Cost." Such a judgment simply raises the question as to what is dismissed. The cause *certioraried?* Or, the writ of *certiorari?* If it was the cause *certioraried* that was attempted to be dismissed, then said judgment was erroneous because said cause was not *removed* to the circuit court and said court never got jurisdiction of said cause as has heretofore been shown.

If it was the writ of *certiorari* that was dismissed, then said judgment is inadequate in that it does not pronounce liability of the sureties on the *certiorari* bond, and order execution against them.

Said bond was conditioned, not to "pay such judgment as the circuit court may render," but to "prosecute said writ in said court and abide by the decision of said court." Therefore, bankruptcy of the principal did not relieve the sureties on the bond so conditioned. The case of *Goyer Co.* v. *Jones,* 30 So. 651, is no haven of refuge for the sureties on the bond in question. In the Goyer case the sureties' liability was contingent upon the principal's discharge of an obligation to pay a judgment for money, a dischargeable debt. In this case the sureties' liability is contingent upon the principal's discharge of an obligation to prosecute a writ of *certiorari.* Section 17, Bankruptcy Act of 1898.

*Percy Bell,* for appellee.

A writ of *certiorari,* whether improvidently or incorrectly obtained or granted, is in the nature of an appeal and the court after a review of the proceedings of the court below could take one of two courses: one by giving a judgment for Mrs. Coleman, the other by giving a judgment against her and the sureties on her bond. A judgment against her could not be rendered in the face of a discharge in bankruptcy, which under the well-known authorities does not discharge the debt but does destroy the remedy. See 12 Collier on Bankruptcy, page 402.

It not being possible to render judgment against the principal, the sureties were likewise released. 12 Collier on Bankruptcy, page 420; *Goyer.* v. *Jones,* 79 Miss. 253, 30 So. 651. Suppose for the sake of argument that the court had not granted a stay and had dismissed the writ. There would have been little benefit flowing to the appellant unless thereupon the court sustained and affirmed the judgment of the lower court. That it could not do, because it could not render a judgment against Mrs. Coleman while she was in the bankruptcy court on a debt provable in that court and listed in her schedule.

We submit, therefore, that the course pursued by the court below in the first stay and subsequent dismissal of the cause was the only proper course to pursue and that its judgment should be affirmed.

Argued orally by *Percy Bell,* for appellee.

Smith, C. J., delivered the opinion of the court.

The appellants sued the appellee in the court of a justice of the peace on several promissory notes, obtained a judgment thereon, and the appellee, the defendant in the court of the justice of the peace, removed the case to the court below by a writ of *certiorari,* as provided by section 90, Code of 1906 (section 72, Hemingway's Code).

The petition on which the writ was issued alleged as the ground for the issuance of the writ that "the justice of the peace held no court on said day (the day on which the judgment was rendered, and said judgment is false and fraudulently rendered."

When the case came on to be heard in the court below, the appellants filed a motion to quash the writ of *certiorari,* for the reason that the petition "does not state good cause" for the issuance of the writ.  The appellee then filed a motion setting forth that she had been adjudged a bankrupt in a federal court in a bankruptcy proceeding then pending therein, and prayed "that further action of the court in this cause be stayed until after the ordering of the discharge of the said M. H. Coleman." The prayer of this motion was granted, and an order was entered staying further proceedings in the case "for the period allowed by section 11 of the federal Bankruptcy Act."  No further proceedings were had in the case until the succeeding term of the court, when an order was entered, under the style of the case, reading as follows: "Dismissed at defendant's cost."

Orgill Bros., plaintiffs in the court of the justice of the peace, and defendants in the *certiorari* proceeding, have appealed to this court.

The appellants do not object, as we understand their contention, to the dismissal of the writ of *certiorari,* but contend that, when dismissed, they are entitled to a judgment on the bond given therefor.  They are, of course, entitled to such a judgment on the dismissal of the writ, unless the proceeding in bankruptcy against Mrs. Coleman is a bar thereto.  Section 11 of the Bankruptcy Act provides that:

"(a)  A suit which is founded upon a claim from which a discharge would be a release, and which is pending against a person at the time of the filing of a petition against him, shall be stayed until after an adjudication or the dismissal of the petition; if such person is adjudged a bankrupt, such action may be further stayed

until twelve months after the date of such adjudication, or, if within that time such person applies for a discharge, then until the question of such discharge is determined.'' U. S. Comp. St., section 9595.

The stay of proceedings provided by this section is mandatory until the adjudication of bankruptcy, and thereafter a further stay of proceedings may be granted on good cause shown for a period not exceeding one year from the date of the adjudication of bankruptcy. 7 Remington on Bankruptcy (3d Ed.), sections 3473 and 3474; 7 C. J. 350. The appellee's petition for a stay of the prosecution of this suit alleged no facts which would constitute any cause therefor; consequently the order granting the stay should not have been rendered.

Whether the judgment to be rendered against the bankrupt, in event the plaintiffs recover such, should be full or qualified, is not now presented for decision, for in either event a judgment against the bankrupt, of such character as to permit a judgment against the sureties on the appeal bond, will be proper, in which connection see 4 Remington on Bankruptcy (3d Ed.), section 1974.

In *Kohn, Weil & Co.* v. *Weinberg,* 110 Miss. 275, 70 So. 353, the refusal of a circuit court to stay proceedings in a case appealed thereto from the court of a justice of the peace, wherein the defendant had been adjudged a bankrupt, but had not been discharged, was approved, and while it is true that there the plaintiff had obtained permission from the federal court to proceed with the suit, such permission was wholly unnecessary. Whether a stay of proceedings should be granted is a matter primarily for the determination of the court in which the suit is pending; and if that court improperly refuses to grant such a stay, the plaintiff in the suit may be restrained from further proceeding therewith by the federal court. 7 C. J. 349; 1 Collier on Bankruptcy (12th Ed.) p. 298; 7 Remington on Bankruptcy (3d Ed.), section 3478.

The pendency of a bankruptcy proceeding against a defendant in no event entitles him prior to his discharge by the bankrupt court to the dismissal of a suit against him in a state court, but only to a stay of proceedings therein as hereinbefore set forth. On the return of the case to the court below, unless good cause is shown for a stay of proceeding or a discharge is pleaded by the appellee, the court should pass on the appellant's motion to dismiss the writ, and, in event it is overruled, should then proceed with the case in accordance with section 90, Code of 1906 (Hemingway's Code, section 72).

*Reversed and remanded.*

### On Suggestion of Error.

The judgment of the court below was reversed on a former day, and the appellee suggests that we erred in so doing. The ground of the suggestion is that prior to the rendition of the judgment appealed from, the appellee had filed a plea setting forth that she had been granted a formal discharge from liability to creditors by the federal court. This plea did not appear in the record certified to this court, and was not referred to in the briefs of counsel. The appellee now asks that it be made a part of the record. After the filing of the suggestion of error, the court addressed a memorandum to counsel calling for a reply to the suggestion of error from counsel for the appellants, and requesting that he answer specially the following questions:

"(1) Whether he is willing for this plea to be now made a part of the record.

"(2) Whether the truth of the plea is admitted. The plea seems not to have been traversed, but the court desires to avoid any misunderstanding as to whether counsel for the appellants claims the right to a remand of the case, so that the plea might be traversed."

Counsel for the appellants replied:

"That he is willing for said plea to be made a part of the record, and, further, he admits the truth of said plea, and he has no desire to traverse same."

We will therefore reconsider the case in the light of this plea.

In our former opinion, we held, that, when the court below dismissed the writ of *certiorari,* it should have given the defendants therein, the appellants here, a judgment on the bond given therefor, "unless the proceeding in bankruptcy against Mrs. Coleman is a bar thereto." We then held that the mere fact that such a proceeding was pending would not constitute such a bar, reversed the judgment, and remanded the case, with instructions to the court below to proceed with the trial thereof, "unless good cause is shown for a stay of proceedings or a discharge is pleaded by the appellee." It now appears that such a discharge was pleaded, so that we are called on to determine the effect thereof. We have assumed heretofore that the judgment of the court was a dismissal of the writ of *certiorari* pursuant to the appellants' request that it so do; but, whatever the meaning of the judgment is, the court was without the right, because of the appellee's discharge, to include therein a judgment on the bond in favor of the appellants for the debt sued on by him.

On the trial of a case brought to it from the court of a justice of the peace by a writ of *certiorari,* a circuit court may (1) dismiss the writ; or (2) affirm the judgment of the justice of the peace; or (3) set the judgment aside and render such judgment as the justice of the peace should have rendered, if the same be affirmed, or try the case *de novo.* In event the writ is dismissed, or the judgment is affirmed, the judgment creditor is usually entitled to a judgment on the bond executed by the judgment debtor in order to obtain the writ, and, if the judgment is set aside to a like judgment for any recovery, he may then be awarded.

When the appellee's plea of discharge was filed, the court below would have been confronted therewith, when it came to render any one of the foregoing judgments, and would have been barred thereby from awarding the appellants a recovery against the appellee and the sureties on her bond. *Goyer Co.* v. *Jones,* 79 Miss. 253, 30 So. 651. It follows, from the foregoing views, that the court below committed no error in not awarding the appellants a recovery on the appellee's bond.

The suggestion of error will be sustained, and the judgment of the court below will be affirmed.

*Affirmed.*