CANTRELL *et al. v.* PEUGH.*

(Division B.  Nov. 28, 1927.  Suggestion of Error Overruled Jan. 23, 1928.)

[115 So. 116.  No. 26707.]

1. BANKRUPTCY. *Where defendant had been adjudged bankrupt, court held within discretion in refusing to stay proceedings in suit on note (federal Bankruptcy Act, section 11a, being 11 USCA section 29).*

In suit on note, where defendant moved court to stay proceedings on ground that he had filed petition in bankruptcy, and had been adjudicated a bankrupt, and expected at some future time to file motion for his discharge, trial judge *held* within his discretion in refusing to stay proceedings, since, under Federal Bankruptcy Act, section 11a (11 USCA section 29), after petitioner is adjudged a bankrupt, it is within discretion of trial judge to decide whether or not he will delay case in his court.

2. JUSTICES OF THE PEACE. *Justice of the peace had jurisdiction in suit on two hundred dollar note bearing interest at eight per cent, and providing for attorney's fees, on which amount due was one hundred ninety-six dollars and twenty cents.*

Justice of the peace had jurisdiction of suit on note for two hundred dollars, with credit thereon of three dollars and eighty cents, making principal and amount due one hundred ninety-six dollars and twenty cents, which note bore interest at rate of eight per cent., and provided for attorney's fees, if placed in attorney's hands for collection, since test as to jurisdiction is whether or not principal, exclusive of interest, damages, and costs, amounts to more than two hundred dollars.

3. JUSTICES OF THE PEACE. *Time of filing suit fixes principal amount sued for on note.*

Where no attorney appeared in suit at time of filing suit, this was time that fixed principal amount sued for on note, providing for attorney's fees, if note was placed in attorney's hands for collection.

4. JUSTICES OF THE PEACE. *Attorney's fees, not claimed in suit on note providing for attorney's fees, could not be included as part of principal in demand in case.*

Where attorney's fees were not claimed in suit on note providing for reasonable attorney's fees, if note was placed in hands of attorney for collection, attorney's fees could not be included as part of principal in demand in case.

5. CONTINUANCE. *Refusing continuance because of absent witnesses held not error, where no diligence was shown in having process issued and served at time case was set for trial.*

Refusal to grant continuance, in suit on note, on account of absence of two witnesses for defendant, *held* within court's dis-

cretionary power where record showed that defendant was not diligent in having process issued and served at time case was set for trial.

*Corpus Juris-Cyc. References: Bankruptcy, 7CJ p. 350, n. 90; Continuances, 13CJ, p. 160, n. 78; Justices of the Peace, 35CJ, p. 520, n. 95; p. 521, n. 11; p. 522, n. 12, 16. Refusal of continuance because of absence of witness as within discretion of trial court, see 6 R. C. L. 556; 2 R. C. L. Supp. 154. Amount in controversy as affecting jurisdiction of justice of the peace, see annotation in 27 L. R. A. (N. S.) 157; 16 R. C. L. 357.

APPEAL from circuit court of Monroe county.

HON. C. P. LONG, Judge.

Suit by W. G. Peugh against Tom Cantrell, instituted in the justice court, in which judgment was rendered for plaintiff. On appeal to the circuit court, judgment was rendered for plaintiff against defendant and his sureties, and they appeal. Affirmed.

*McFarland & Holmes,* for appellants.

See sections 63 and 66, Hemingway's Code 1927. Under the Bankruptcy Act, the Federal court has the power to issue an injunction to stay proceedings of a state court. See Gilbert's Collier on Bankruptcy (1927 Ed.) "General Orders," sec. II, par. 3, p. 1192. See, also Gilbert's Collier on Bankruptcy (1927 Ed.), sec. II, p. 254 et seq.; *Hill* v. *Hareling,* 107 U. S. 631, 27 L. Ed. 493; *Baltimore Bargain House* v. *Busby,* 143 Ga. 734, 35 Am. B. R. 119, 85 S. E. 875; *Tutt* v. *Fighting Wolf Mining Co.,* 43 Am. B. R. 232, 209 S. W. 304; *Adams* v. *McClendon,* 1 Am. B. R. (N. S.) 630, 118 S. E. 497; *Matter of Byrne,* 2 Am. B. R. (N. S.) 448, 296 Fed. 98; *Matter of Oliver & Malone,* 5 Am. B. R. (N. S.) 670; U. S. Com. St. Ann. 1916, sec. 9595, p. 11158, and n. 2 thereunder; *Orgill Brothers* v. *Coleman,* 146 Miss. 217, 11 So. 291; *Kohn, Weil & Co.* v. *Wienberg,* 110 Miss. 275, 70 So. 353; *Goyer Co.* v. *Jones,* 79 Miss. 253, 30 So. 651.

Section 16 of the Bankruptcy Act is as follows: (See Gilbert's Collier on Bankruptcy (1927 Ed.), p. 376, "Co-Debtors of Bankrupts"), "(a)   The liability of a person who is a co-debtor with, or guarantor or in any manner a surety for, a bankrupt shall not be altered by the discharge of such bankrupt." See, also, Section 9600, U. S. Comp. Sta. Ann. 1916; *Brown, Webb & Co. et al.* v. *Edw. Rose & Co.,* 98 So. 559; *Wolf* v. *Stix,* 99 U. S. 1 (25 L. Ed. 309). In *William & Freeman* v. *Bosworth,* 59 So. 6, a Mississippi case, not in point with the case at bar, because in that case the judgment appealed from was for one thousand dollars in favor of Bosworth (the circuit court having jurisdiction), a *supersedeas* bond was given, the judgment was enrolled and became a lien, under section 819 of the Code. The *supersedeas* bond was given on the 19th day of May, 1911, and on the 1st day of February, 1912, a petition in bankruptcy was filed (more than four months after the date of the rendition of the judgment), and the court, in differentiating this case from the case of *Goyer Company* v. *Jones, supra,* says, with reference to the case of *Goyer Company* v. *Jones:* "In other words, the appeal from the justice of the peace court, there being no lien, superseded everything, and left the case to be tried *de novo* in the circuit court. This made of the case simply a pending cause; that is to say, a mere claim of the Goyer Company against Jones. There was no judgment, it having been nullified by the appeal; there was no lien, it having never been enrolled"—We simply cite this quotation from this opinion to show that the supreme court of Mississippi has always followed section II of the Bankruptcy Act, *supra.* See, also, *Bailey* v. *Wm. Reeves, Jr., Sheriff, et al.,* 102 Miss. 438; *Brown* v. *William Dillahunty, et al.,* 4 S. & M. 713.

*Leftwich & Tubb,* for appellee.

The jurisdiction of the justice court is determined by the amount demanded in the suit at the time the same is

brought, and if the demand does not exceed two hundred dollars the justice court has jurisdiction. See section 2723, Code of 1906, Hemingway's Code, section 2222. This statute has recently been construed by this court. The court has held from the very beginning that the accumulation of interest on a note even though the face of the note and accumulated interest exceeds two hundred dollars does not deprive the justice court of jurisdiction if the principal of the note is two hundred dollars or less: *N. O. R. R. Co.* v. *Evans,* 49 Miss. 785; *Jackson* v. *Whitfield,* 51 Miss. 202. The demand honestly made in the suit fixes and determines the amount in controversy and, therefore, determines the jurisdiction of the justice court. *Ross* v. *Natchez & R. R. Co.,* 61 Miss. 12; *Griffin* v. *McDaniel,* 63 Miss. 121; *Betts* v. *Falgo,* 126 Miss. 252.

Did the trial court err in refusing to stay proceedings in this cause on account of the bankruptcy proceedings? Counsel for appellants quote Gilbert's Collier on Bankruptcy but stop right at the crucial point. Had he gone further and quoted the next sentence it would appear that Collier, the very authority they invoke, is abundant authority to sustain the court's action in this case. For convenience we here quote what Mr. Collier says on that subject: "II. Stay of suit pending when petition filed. In general. . . Until after an adjudication of dismissal of the petition against an alleged bankrupt a suit which is founded upon a claim for which a discharge would be a release, and which is pending against the alleged bankrupt at the time of filing the petition, must be stayed. The language of the act is mandatory and leaves nothing to the discretion of the court. The privilege of a stay conferred by this section is to be accorded in both voluntary and involuntary bankruptcy. Whether an action against a bankrupt upon a claim to which a discharge would be a bar is to be further stayed after an adjudication in bankruptcy is to be determined by the trial judge, in the exercise of his discretion, which will not be interfered with in the absence of an abuse thereof,

and therefore where it appears that the estate of the bankrupt will not be affected in any way by the continuance of the State court action it will not be stayed.'' 1 Collier on Bankruptcy (13 Ed. 1923), pp. 397-398.

HOLDEN, P. J., delivered the opinion of the court.

The appellee, W. G. Peugh, sued the appellant Tom Cantrell in the justice court on a note for two hundred dollars, with a credit thereon of three dollars and eighty cents, making the principal and amount due one hundred ninety-six dollars and twenty cents, and obtained judgment. The note bore interest at the rate of eight per cent., and provided for reasonable attorney's fees, ''if the note was placed in the hands of an attorney for collection.'' Cantrell appealed to the circuit court, and furnished bond in double the amount of the judgment with two sureties thereon. The note was filed with the justice of the peace for suit, but had not been placed in the hands of an attorney for collection, and no attorney was employed at the time the suit was filed to prosecute the suit for collection of the note.

When the case reached the circuit court, the appellant Cantrell moved the court to dismiss the case because:

First. The justice of the peace had no jurisdiction, for the reason that the principal of the note, together with the interest and attorney's fees provided, would amount to more than two hundred dollars.

Second. The appellant Cantrell moved the court to stay the proceeding on the ground that he had filed a petition in bankruptcy, and had been adjudicated a bankrupt, and expected at some future time to file a motion for his discharge. The bankruptcy proceedings mentioned were properly presented to the judge of the circuit court, whereupon he overruled the motion and proceeded to trial, which resulted in a verdict against the appellant and his sureties for the amount sued for.

Third. The appellant Cantrell, defendant below, objected to going to trial because of the absence of two alleged material witnesses in his behalf, and made the proper showing. The court overruled this motion for a further delay of the case, all of which was objected to by the appellant.

Therefore it will be seen that we have three points to decide, and shall immediately proceed to their determination.

We think the trial judge was within his discretion in refusing to stay the proceedings in his court on account of the adjudication of bankruptcy of the appellant, because the Federal Bankruptcy Act (section 11a [USCA section 29], of the National Bankruptcy Act, p. 5) provides, in substance, and means, as we understand, that, after a petition is filed in bankruptcy, and before it is acted upon, the proceeding in the state court must be stayed until the petitioner is adjudicated a bankrupt or his petition dismissed; but it is within the discretion of the trial judge, after the petitioner is adjudged a bankrupt, to decide whether or not he will further delay the case in his court.

1. It seems also that, where the petitioner has been adjudged a bankrupt, and has afterwards filed his motion for a discharge, and these facts are brought to the attention of the trial judge of the state court, the proceeding in the state court will be stayed until his discharge. But it will be observed in the case before us that the appellant Cantrell, according to his pleadings, had been adjudged a bankrupt; and therefore the trial judge could, in his discretion, proceed with the case, and did so properly. No move had been made under the Federal Bankruptcy Act for a final discharge at the time the trial judge of the state court decided to proceed with the appellant's case; so it is plain to us that the action of the trial judge was not error. See Gilbert's Collier on Bankruptcy (13th Addition 1923) pp. 397, 398.

We think the justice of the peace had jurisdiction in the case, because the test as to his jurisdiction is whether or not the principal, exclusive of interest, damages, and costs, amounts to more than two hundred dollars. *N. O. R. R.* v. *Evans,* 49 Miss. 785; *Jackson* v. *Whitfield,* 51 Miss. 202. The note here involved was not placed in the hands of an attorney for collection; and the record discloses that no attorney appeared in the suit at the time it was filed, which is the time that fixes the principal amount sued for. It does not appear to us, as we understand the record, that any attorney's fees were ever claimed in the case. Therefore the attorney's fees cannot be included as a part of the principal of the demand in the case, and the court was correct in so holding. *Parks* v. *Granger,* 96 Miss. 503, 51 So. 716, 27 L. R. A. (N. S.) 157, Ann. Cas. 1912B, 232, not in point.

3. As to whether or not the court error in not granting a continuance, or in not passing the case on account of the absence of two of the appellant's witnesses, we find, from the record, that the court was within its discretionary power in overruling this motion. If what these witnesses would have testified to, if present, was material in the case, which seems to be in some respects doubtful, still the record shows that the appellant was not diligent in having process issued and served at the time the case was set for trial in the circuit court. Therefore we think the circuit judge was right in refusing to delay the trial.

In view of these conclusions, the judgment of the lower court is affirmed.

*Affirmed.*