THOMPSON *v.* HILL.*

(Division B.   Dec. 17, 1928.   Suggestion of Error Overruled Feb. 4, 1929.)

[119 So. 320.   No. 27411.]

392

*Corpus Juris-Cyc References: Appeal and Error, 4CJ, section 3190, p.. 1168, n. 98; Bankrutcy, 7CJ, section 309, p. 204, n. 40; section 708, p. 398, n. 8; section 731, p. 411, n. 19; section 732, p. 412, n. 29; Judgments, 34CJ, section 1332, p. 927, n. 96; section 1333, p. 929, n. 1; section 1340, p. 937, n. 40; Landlord and Tenant, 36CJ, section 1688-1689, p. 577, n. 12; As to binding effect of promise to pay debt discharged in bankruptcy, see annotation in 40 A. L. R. 1445; 3 R. C. L. 326; 4 R. C. L. Supp. 183; 6 R. C. L. Supp. 172.

*Franklin, Easterling & Fox,* for appellant.

*Roberson & Cook,* for appellee.

Argued orally by *Lamar F. Easterling,* for appellant, and *J. W. Bell, Jr.,* for appellee.

ANDERSON, J. Appellee filed the bill in this cause in the chancery court of Sunflower county against appellant and the sheriff of that county, to enjoin the execution of a judgment in favor of appellant against appellee, rendered in the circuit court of Tallahatchie county. A temporary injunction was issued, and the cause was heard on the original bill and exhibits thereto, answer and proof, resulting in a decree making the injunction perpetual. From that decree, appellant prosecutes this appeal.

There was no controversy about the facts of the case. They were agreed to between the parties in writing, and such written stipulation was made a part of the record, and is as follows (leaving off the formal parts and exhibits therein referred to):

"A. J. Hill, on December 22, 1922, executed his promissory note payable to C. H. Thompson for one thousand five hundred dollars due December 1, 1924. The indebtedness evidenced by said note constituted the rental for the year 1924 on the Edmondson Place in Sunflower county, leased by the said Thompson to said Hill. In Oc-

tober, 1924, said Thompson, by proper procedure, caused the issuance of a landlord's writ of attachment for rent, and caused the same to be levied upon fifteen bales of cotton grown on said leased premises during said year 1924. Said Hill made bond for said cotton, as provided by law, and the papers in said matter were filed in the circuit court of the Second district of Tallahatchie county, Mississippi, about November 1, 1924. On January 12th, 1925, said Hill filed his voluntary petition in bankruptcy in the district court of the United States of the Delta Division for the Northern District of Mississippi, which said petition is made an exhibit to the bill of complaint, and immediately the said district court duly entered an order adjudicating said Hill bankrupt. Defendants admit that the records of the United States court show in the happening of said adjudication, but do not admit that the said adjudication affects said defendant's right in this proceedings, because of the judgment taken in said circuit court hereinafter referred to. Thereafter in the said circuit court of Tallahatchie county in the said proceeding mentioned heretofore, the judgment was entered, which is made Exhibit 'D' to the bill of complaint; that in said matter, the general docket of said court of Tallahatchie county has the entries thereon, as shown by instrument marked Exhibit 'A' hereto, and further, that the court file in said cause has been lost, and cannot be found and copies of the pleadings cannot be supplied; that defendant, C. H. Thompson, is the same person mentioned in the voluntary bankruptcy proceedings' heretofore referred to, and the indebtedness of one thousand five hundred dollars, therein mentioned is the indebtedness upon which the said judgment, Exhibit 'D' to said bill of complaint is predicated and mentioned in the judgment, but that the judgment speaks for itself. Thereafter, in March, 1925, execution was issued on said judgment Exhibit 'D,' directed to the sheriff of Sun-

flower county, and returned *nulla bona* on April 14th, 1925. Said judgment, Exhibit 'D' was enrolled in Sunflower county, on the 27th day of March, 1925. Said Hill acquired by deed recorded in Book M-7, page 402 in the office of the clerk of the chancery court of Sunflower county, Mississippi, the lands described in the notice of sheriff's sale under execution, Exhibit 'C' to the bill of complaint, which said deed was dated January 28, 1926, a copy of which said deed, with the date of its filing in said office, is made a part of this stipulation. On June 29, 1925, said Hill was discharged as a bankrupt, as shown by the discharges in bankruptcy made Exhibit 'B' to the bill of complaint. Said Thompson did not file his claim in said bankruptcy proceedings, but on March 20, 1925 filed his petition, a copy of which is hereto attached, and obtained the entry of an order, a copy of which is hereto attached. On the 29th day of December, 1927, execution was issued on said judgment, Exhibit 'D,' a copy of which said execution is made a part of this agreement, and that the sheriff of Sunflower county levied upon and advertised for sale said property, as shown by said notice made Exhibit 'C' to the bill of complaint; that in June 1927, said Hill, through his attorneys, took up with C. H. Thompson the request to execute a waiver of the said judgment lien, so as to allow the said Hill to secure a renewal loan from the Liberty Mortgage Company on his farm lands near Rome in Sunflower county, and that an instrument waived said lien as to said farm lands for said purpose, and said instrument is duly filed and recorded in Book P-7, 394 and 395 of the Land Records in the office of the chancery clerk in Indianola, Sunflower county, Mississippi, a copy of which is made Exhibit 'B' hereto.

"It is agreed that in case that injunction should be dissolved and in case the court should hold that the five per cent mentioned by the statute did not apply, that two

hundred dollars will be a reasonable attorney's fee and that the cost of advertising is eighteen dollars and fifty cents."

It will be observed from the agreed facts that, when the appellant obtained the judgment against appellee, the latter had been duly adjudged a bankrupt under the Federal Bankruptcy Act, but that the promissory note upon which the judgment was founded was due and payable when the appellee was adjudged a bankrupt, and also at the time of the institution of the bankruptcy proceedings, and that appellee's discharge in bankruptcy took place some months after the rendition of the judgment. The ground upon which appellee sought to enjoin the execution of the judgment was that his discharge in bankruptcy had the effect, under the Federal Bankruptcy Act, to discharge him from further liability on the judgment. There were attached to appellee's bill copies of all the papers in the bankruptcy proceedings, which showed that the note sued on in the state court rendering the judgment sought to be enjoined, as well as the forthcoming bond executed by appellee for the return of the cotton distrained for rent, were duly scheduled as a part of his liabilities. Appellee set out in his bill such discharge in bankruptcy as a release from further liability on the judgment and the note and forthcoming bond upon which the judgment was founded. Appellant, along with all of the other creditors of appellee, had due notice of the bankruptcy proceedings.

Under the Bankruptcy Act of 1898 (11 U. S. C. A.), a judgment entered against a defendant upon a provable debt existing at the time he was adjudged a bankrupt, but rendered before his final discharge in bankruptcy, is canceled by such discharge, and, after his discharge, the bankrupt has the right to a perpetual stay of the judgment. 3 R. C. L., section 141, pp. 318, 319.

Appellant takes the position, however, that the bond executed by appellee for the forthcoming of the cotton distrained was not such a liability on the part of appellee as to constitute a provable debt under the Bankruptcy Act, and therefore the judgment upon the bond was not annulled by .appellee's discharge in bankruptcy. The Bankruptcy Act of 1898 is substantially the same as the Bankruptcy Act of 1867 (14 Stat. 517) with respect to the character of debts which are provable in bankruptcy. *Wolf* v. *Stix*, 99 U. S. 1, 25 L. Ed. 309, was decided under the Bankruptcy Act of 1867. After Wolf had been discharged in bankruptcy, he filed his bill in equity to enjoin the enforcement of a judgment against him recovered in a state court. In the action in the state court, his goods were attached, and he gave a forthcoming bond to return the goods to the officer seizing them or pay the value thereof in event of a judgment against him. On the trial, a judgment was rendered against Wolf on the forthcoming bond for the value of the goods. The question was whether or not his discharge in bankruptcy annulled that judgment. The court held that a debt created by a forthcoming bond was provable under the Bankruptcy Act, although it was payable upon the happening of an event which might never occur, and was therefore contingent. The bond in that case was in force when Wolf was adjudicated a bankrupt, and the court held that the sum to be paid was certain in amount, notwithstanding the event might not occur which would require payment, and, if the event did occur, the amount to be paid was fixed; that, in all cases of contingent debts and liabilities, the creditor may make claim therefor and have his claim allowed, with the right to share in the dividends if the contingency happens before the order for the final dividend.

In the present case, the contingency happened before appellee's discharge in bankruptcy. The contingent lia-

bility on his forthcoming bond had become fixed by the judgment of the court before that time. Appellant argues, however, that such rule does not apply where the effect would be to discharge the lien of the judgment creditor on property for which the judgment debtor gave a forthcoming bond. Appellant had a landlord's lien on fifteen bales of cotton, which appellee took under his forthcoming bond. That lien was not displaced by the bankruptcy of appellee under the bankruptcy statute. Appellant contends that appellee should not be permitted to set up his discharge in bankruptcy in satisfaction of the judgment on the forthcoming bond, for so to do would deprive appellant of the benefit of his landlord's lien on the cotton covered by the forthcoming bond which he held as security for the indebtedness due him by the appellee. We think a complete answer to that argument is that, under our code chapter on landlord and tenant, the replevin or forthcoming bond which the tenant is authorized by the statute to execute, and receive back from the officer the property distrained, such a bond takes the place of the lien of the landlord in case it is breached by failure of the tenant to return the property to the officer in obedience to the judgment of the court. Under this bond, the tenant takes the property with the option of either holding it to abide the judgment of the court, or disposing of it freed from the landlord's lien, and, if he pursues the latter course, as appellee did, the bond stands instead of the lien as the landlord's security for his rent. In other words, after giving the forthcoming bond by the tenant, the lien of the landlord is released from the property distrained, and the landlord is relegated to the bond, if the tenant so elects. The bond is a new obligation, a liability of the tenant and his sureties on the bond, which takes the place of the liability of the tenant alone, secured by the lien on the property distrained. It is not a case, therefore, where the lien of the landlord is dis-

placed by the Bankruptcy Act, but it is a case where the lien is displaced by the operation of the laws of the state in which the court rendering the judgment was situated.

Appellant contends, however, that appellee was barred from setting up his discharge in bankruptcy in satisfaction of the judgment the execution of which was sought to be enjoined, on the ground that that question is *res adjudicata.* This contention arises out of the following facts: In the action in the state court, the appellee set up the fact that at that time he had been adjudicated a bankrupt under the Federal Bankruptcy Act, and that therefore the cause in the state court ought not to proceed further. Appellee failed to present to the state court sufficient evidence that he had been so adjudged a bankrupt, and the state court recited in its judgment the absence of such proof, and adjudged that appellee had not been so adjudged. Appellant's position is that, by reason of that judgment of the state court, appellee was concluded from setting up his discharge in bankruptcy in satisfaction of the judgment. We think this contention is without merit. The pendency of bankruptcy proceedings against appellee, and the fact that in such proceedings he had been adjudged a bankrupt at the time the judgment was rendered in the state court, had no bearing on the question whether or not the appellant had a right, under the law, to proceed to judgment in the state court. An adjudication in bankruptcy is no bar to an action against a bankrupt by a creditor to reduce his claim to judgment. In such an action, the bankrupt may suggest that bankruptcy proceedings are pending against him and that he has been adjudicated a bankrupt, and ask that the action in the state court be suspended to await further proceedings in the bankrupt court, but it is discretionary with the state court whether it will do so or not. *Orgill Bros.* v. *Coleman,* 146 Miss. 217, 111 So. 291.; *Cantrell* v. *Peugh,* 149 Miss. 21, 115 So. 116. Therefore

the issue presented to the state court by the appellant's suggestion of bankruptcy was wholly a collateral and immaterial issue. It did not go to the merits of the action in the state court. No judgment is conclusive of any matter not required to support it. If the language of the judgment is general, it will be restrained to the issues made in the case and to the subject-matter under consideration, by the court. Even if the judgment purports to affirm a particular fact or rule of law, yet, if such fact or rule of law was immaterial and collateral to the issues in the case, and the controversy did not turn upon it, the judgment will not concluded the parties in reference thereto. 2 Freeman on Judgments, p. 1474. We are of the opinion that the appellee's suggestion to the state court of the pendency of the bankruptcy proceedings and that he had been adjudged a bankrupt had nothing to do with the merits of the action in the state court. It involved alone the question whether the state court would proceed with the action or suspend it to await the progress of the bankruptcy proceedings.

Appellee, in June, 1927, induced appellant to execute a waiver of the lien of his judgment against appellee, so as to enable the latter to secure a renewal loan from the Liberty Mortgage Company on his lands in Sunflower county. This waiver was duly executed by the appellant and placed of record. Appellant contends that that action on the part of appellee, namely requesting appellant to waive the lien of his judgment, and accepting such waiver and taking advantage thereof, constituted a waiver on the part of appellee of his discharge in bankruptcy in so far as the judgment was concerned. In other words, that that action on the part of appellee was an acknowledgment that the judgment was alive and outstanding, and a promise to pay the same. Although a discharge in bankruptcy extinguishes the debt of the bankrupt as a legal liability, still the moral obligation of the bankrupt is not extinguished, and constitutes suffi-

cient consideration for a new promise by the debtor to pay the debt, which new promise may be enforced against him. But, in order to constitute an enforceable new promise on the part of the bankrupt debtor, there must be a clear, distinct, and unequivocal recognition and' renewal of the debt- as a binding obligation. The promise to renew must be express. Partial payments are not sufficient to renew the debt. Nor is a mere recognition of the duty to pay a debt not amounting to a clear expression of intention on the part of the debtor to bind himself to pay the debt sufficient. 7 C. J., p. 412, section 732, and cases in the notes; 3 R. C. L., pp. 147, 148. We are unable to see how the fact that the appellee induced appellant to execute a waiver of the lien of his judgment constituted an express promise on the part of appellee to pay the debt.

Appellant contends further that the chancery court was without jurisdiction to enjoin the execution of the judgment involved, for the reason that the appellee had a plain and adequate remedy at law by motion to quash the execution and a writ of *supersedeas* in the court in which the judgment was rendered. It may be conceded, for argument's sake, that the appellee did have a plain and adequate remedy at law, still, under section 147 of the Constitution and section 3401, Hemingway's 1927 Code (Code 1906, section 4920), the decree of the chancery court cannot be reversed by this court upon that ground alone; there being no other error in the rendition of the decree. It is provided, in substance, by that section of the Constitution, and also by the statute referred to, that no judgment of the chancery court rendered in a civil cause shall be reversed or annulled upon the ground of want of jurisdiction to render said judgment or decree, because of any error or mistake as to whether the cause in which it was rendered was one of equity or common-law jurisdiction, unless the supreme court shall find

error in the proceeding other than as to jurisdiction, and it shall be necessary to remand the case. Numerous decisions have been rendered by this court construing that provision of our Constitution and the statute enacted in pursuance thereof, which will be found annotated in the Code thereunder.

*Affirmed.*