Isom *v.* Clark, Sheriff, *et al.*

(Division A.   Jan. 13, 1930.)

[125 So. 547.   No. 28300.]

**Frank E. Everett**, of Indianola, for appellant.

**S. D. Neill**, of Indianola, for appellees.

**Smith, C. J.**, delivered the opinion of the court.

The Buckskin Manufacturing Company sued Isom and Hassen in the circuit court of Sunflower county, in May, 1924, on an indebtedness alleged to be due it, by them. Afterwards, while the case was pending, Isom and Hassen were adjudged bankrupts by a Federal court. The Buckskin Manufacturing Company filed its claim against them in that court, and was allowed and paid a small dividend thereon. On April 3, 1925, Isom and Hassen were discharged by the bankrupt court, and in September thereafter a judgment by default was rendered by the circuit court of Sunflower county against Isom and Hassen and in favor of the Buckskin Manufacturing Company in the case there pending, and to which reference has hereinbefore been made. An execution was issued on this judgment, and while in the hands of the sheriff an injunction was sued out by Isom, restraining the sheriff from proceeding further with the execution thereof; the ground of the application for the injunction being that the judgment, being based on an indebtedness due when the bankrupts were discharged, is void. On final hearing, the injunction was dissolved, and the bill dismissed.

The discharge in bankruptcy would have been a good defense to the judgment here in question, had it been pleaded in bar thereof in the suit in which the judgment was rendered, but, not having been so pleaded was waived, and the judgment is valid. Marsh v. Mandeville, 28 Miss. 122; Jones v. Coker, 53 Miss. 195; Roberts v. Weiler, 55 Miss. 249; Dimock v. Revere Copper

Co., 117 U. S. 559, 6 S. Ct. 855, 29 L. Ed. 994, approved in Boynton v. Ball, 121 U. S. 457, 7 S. Ct. 981, 983, 30 L. Ed. 985, and in Scott v. Ellery, 142 U. S. 381, 12 S. Ct. 233, 35 L. Ed. 1050.

The cases of Thompson v. Hill, 152 Miss. 390, 119 So. 320, and Hatley Manufacturing Co. v. Smith (Miss.), 123 So. 887, relied on by the appellant, have no application here. In the first the judgment complained of was rendered prior to the discharge of the bankrupt, as was the case in Boynton v. Ball, supra, McDonald v. Ingraham, 30 Miss. 389, 64 Am. Dec. 166, and Alabama Great Southern Railway Co. v. Crawley, 118 Miss. 272, 79 So. 94; and in the second a creditor who sued an undisclosed principal was held to have elected to hold the agent, and not the principal, by having filed a claim against the agent in a prior proceeding.

The filing by the Buckskin Manufacturing Company in the bankruptcy court of its claim against Isom and Hassen, and the receipt by it of a dividend thereon, does not bring the case within any exception to the general rule, to which this court has uniformly adhered, that a judgment is conclusive, not only upon the questions actually contested and determined, but upon all matters presented by the pleadings, or necessarily involved in the issue thereby presented for decision. Hubbard v. Flynt, 58 Miss. 266; Davis v. Davis, 65 Miss. 498, 4 So. 554. As illustrating the exceptions to this rule, see Stewart v. Stebbins, 30 Miss. 66, Neville v. Ihrie, 103 Miss. 454, 60 So. 577, and McVay v. Castenara, 152 Miss. 106, 110 So. 155.

The declaration in the suit in which this judgment was rendered presented the liability vel non of Isom for the debt sued on, and his discharge in bankruptcy was a defense thereto of "no more sanctity or effect in relieving [Isom] of his debt to the company than a payment, or a receipt, or a release, of which he was bound to avail himself by plea or suggestion of some kind as a defense to the action in proper time." Boynton v. Ball, supra.

Affirmed.